## Case No. 10,145.

### NEWBY v. OREGON CENT. RY. CO.

[1 Sawy. 63; [1] 3 Am. Law T. Rep. U. S. Cts. 127.]

Circuit Court, D. Oregon. March 8, 1870.

EQUITY—NOTICE OF FILING PLEA OR DEMURRER—NATIONAL COURTS DO NOT DISCOURAGE SUITORS FROM SEEKING REDRESS IN THEIR TRIBUNALS—PLEAS IN EQUITY—NATURE—WHEN STOCKHOLDER OR CREDITOR OF CORPORATION CAN MAINTAIN SUIT FOR INJURY TO CORPORATE RIGHTS—INABILITY TO SUE NO TEST OF LIABILITY TO BE SUED IN NATIONAL COURTS — OWNER OF CORPORATION BONDS SAME RIGHT TO SUE AS STOCKHOLDER OF CORPORATION — CORPORATION NOT LIABLE TO ITS STOCKHOLDERS OR CREDITORS FOR ERROR OF JUDGMENT.

1. In equity a party does not take notice of the filing of a plea or demurrer, unless notice thereof be entered in the order book, as prescribed by equity rule 4.

2. There is no rule of law or public policy which requires the national courts to discourage suitors from seeking redress in those tribunals, and parties have a clear right to become the owners of property for the express purpose of maintaining a suit in such courts concerning the same.

[Cited in Blackburn v. Selma, M. & M. R. Co., Case No. 1,467; Collinson v. Jackson, 14 Fed. 310.]

3. Plea in equity, nature of in bar and abatement and where double allowed.

4. A stockholder or creditor of a corporation cannot maintain a suit for an injury to the corporate rights, unless it appears from the bill that the corporation refused to take proper measures to protect or redress the same.

5. The inability of a party to sue in the national courts, in a particular case, is no test of his liability to be sued in them under other circumstances.

6. The owner of corporation bonds secured by a lien upon lands claimed by the corporation, has the same right as a stockholder of such corporation to maintain a suit to prevent another corporation from obtaining such lands by the wrongful use of the name of his corporation.

[Cited in Byers v. Rollins, 13 Colo. 22, 21 Pac. 896.]

---

· [1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

7. In choosing between remedies deemed equally effective, a corporation has a right to exercise its judgment, and for an error in this respect neither its stockholders nor creditors can call it to an account.

[This was a bill in equity by James B. Newby against the Oregon Central Railway Company, George L. Woods, E. N. Cooke, J. H. Douthitt, J. R. Moores, Thomas M. F. Patton, John H. Moores, Jacob Courser, A. Laurence Lovejoy, F. A. Chenoweth, Stukeley Ellsworth, Stephen F. Chadwick, John E. Ross, J. H. D. Henderson, John F. Miller, Absalom F. Hedges, Samuel B. Parrish, and Green B. Smith.]

Wm. Lair Hill, for complainant.
John H. Mitchell, for defendants.

DEADY, District Judge. This suit was brought to enjoin the defendants from using the name of the complainant's corporation— The Oregon Central Railway Company—and particularly from issuing bonds in the name of said corporation. It is alleged in the bill that the complainant is the owner and holder of two of said corporation's bonds, of the denomination of $1,000 each, and that for reasons stated in the bill, the use of such name by the defendants and the issuing of such bonds by them, do and will depreciate the market value of complainant's bonds to his damage not less than $1,000.

At the May term, 1869, the cause was heard on demurrer to the bill. On the argument a cause of demurrer was assigned ore tenus:— "That it does not appear from the bill that the complainant's corporation had refused to institute this suit, and therefore it should have been brought in the name of said corporation."

On August 3, 1869, the court sustained the demurrer as above assigned, and decided that the complainant's corporation must be made a party to the suit; and that if such corporation, after request by the complainant, refuses to bring such suit, the latter may allege such refusal in his bill, and make the corporation a party defendant. Newby v. Oregon Cent. R. Co. [Case No. 10,144].

Afterwards the complainant had leave to amend his bill, which he did, by making his corporation a party defendant thereto, and by alleging "that before commencing this suit your orator requested the said defendant corporation, whose bonds your orator holds and owns, as aforesaid, to bring this suit for his protection, and the said last named corporation refused so to do, and do still refuse to protect the rights of your orator aforesaid."

To the bill as amended, the natural persons named therein as defendants, demurred. The corporation charged with the wrongful use of the corporate name, filed two pleas to distinct portions of the bill and demurred to the remainder. The complainant's corporation made default.

On January 4, 1870, the defendants moved to dismiss the bill under equity rule 38, be-

cause the complainant had not replied to the pleas, or set down the same, or the demurrers, for argument. The motion was denied, because it did not appear that the complainant had notice of the filing of such pleas or demurrers, by entry in the order book, as prescribed in equity rule 4. Afterwards by consent of parties, the pleas and demurrers were set down for argument.

On the argument, the cause was submitted on the part of the complainant, with an admission as to the sufficiency of the second plea. The defendants filed a written brief in support of both pleas and demurrers. Both pleas are voluminous and full of details, and are pleaded as pleas in abatement. In effect, the first one alleges that the complainant is not the real owner of the two bonds mentioned in the bill, but that the same were merely transferred and delivered to him by a director of this corporation, for the sole purpose of enabling him to maintain this suit in this court, for the benefit of, or in behalf of such corporation.

If, notwithstanding the rhetorical exaggerations of this plea, it appears that the complainant has the legal title to, or interest in these bonds, then this plea is insufficient. They are payable to bearer and the title to them passes by delivery, unless the contrary is shown. The motive with which they were delivered to the complainant or he received them makes no difference in this respect. Parties have a clear right to become the owners of property real or personal, by purchase or gift, for the express purpose of maintaining a suit in this court concerning the same. In some of the earliest cases these are some dicta to the contrary of this, but their authority has not been recognized. Admitting all that can be claimed for the plea, and probably more than ought to be, it only amounts to an allegation that the father of the complainant delivered him these bonds as a gift, with the mutual understanding or expectation that the latter would commence and maintain this suit as the owner thereof. In all this there was nothing illegal or immoral or fraudulent. There is no rule of law or public policy which requires the national courts to discourage persons from seeking redress in those tribunals in every case where the constitution and laws fairly construed will permit it. This plea, I think, should be held insufficient.

The second plea alleges that it is not true that the complainant, before bringing this suit, requested his corporation to bring the same for his protection; and also, that prior to the commencement thereof, such corporation did commence a suit in the circuit court for the county of Marion, to enjoin the defendants herein from using such corporate name and issuing such bonds, and that such suit is still pending in said court, and being prosecuted therein in good faith, by said complainant's corporation.

Before disposing of this plea, I propose to call attention to the impropriety of pleading double in this case. A plea in equity is a special answer showing why the suit should be dismissed, delayed or barred, and that, therefore, the complainant ought not to have the answer of the defendant to the matters stated in the bill. It may consist of matter dehors the bill—new matter—then called a pure plea or of denials of some of the substantial matters set forth in the bill. Story, Eq. Pl. 649, 651. Two matters of defense cannot be stated in one plea, nor should a plea contain various facts, unless they are all conducive to a single point, which constitutes a single defense. Otherwise it is open to the charge of duplicity and multifariousness. Id. 653–656. Two pleas in a suit are never allowed, even in bar, except in a particular case, by leave of the court first obtained, where great inconvenience might otherwise be sustained. A plea is not the only mode of defense to a suit in equity. It is only allowed for the purpose of enabling a defendant to make a defense upon some single point or matter, and thereby avoid the expense, delay and inconvenience of answering the bill in detail. But if the defendant is allowed to plead several pleas to as many parts of the bill, and thereby put the whole or any great part of it in issue, nothing is gained in this respect, but rather the contrary. Id. 657; Didier v. Davidson, 10 Paige, 515; Saltus v. Tobias, 7 Johns. Ch. 215; Lamb v. Starr [Case No. 8,021].

Nor do I think the first plea is a plea in abatement. It is an allegation that the complainant has no property in the bonds, and is, therefore, without interest in the subject matter of the suit. Such a fact, or facts showing this conclusion, may be pleaded in bar of the suit. Story, Eq. Pl. 728. A plea of bankruptcy of the plaintiff, being in effect a plea that the plaintiff has no title, so far as he is concerned, is a plea in bar. Id. 726.

But as no steps have been taken to strike out these double pleas or compel the defendants to elect which one they will rely upon, and as the complainant on the argument practically admitted the sufficiency of the second plea, it will be assumed for the present, that the defendants in filing the second plea abandoned the first.

In accordance with the opinion expressed at the hearing on the original bill and demurrer thereto, this second plea is sufficient and constitutes a good defense to the suit. By it the defendants controvert the allegation of the amended bill, that the complainant's corporation had refused to bring this suit for the protection of his interests.

This is a plea to the person in the nature of a plea in abatement, and corresponds to the dilatory plea of the civil law. It does not dispute the validity of the rights which are made the subject of the suit, nor the plaintiff's interest therein, but objects to the complainant's present ability to maintain a suit concerning them. Story, Eq. Pl. 706, 707.

Since the decision of this court sustaining the demurrer ore tenus to the original bill, I have received the opinion (in sheets) of the supreme court in tne case of City of Memphis v. Dean, 8 Wall. [75 U. S.] 64. In this respect the case is very similar to the one under consideration, and the court then held that a stockholder could only maintain a suit to protect his interest in the corporate property where the corporation refused to do so. The defense in that case was the same as in this—a denial of the allegation that the coporation had refused, but that, on the contrary, they were then maintaining a suit for that purpose. The complainant having signified his intention not to contest the plea upon the proof, it follows that the bill must be dismissed, because of the complainant's inability to sue.

In this view of the matter it is not necessary to pass upon the several demurrers of the defendants; but their counsel is urgent that the court shall decide the questions raised by these demurrers. Upon looking at the demurrer of the corporation, I find that all the qestions made by it were decided adversely to the defendants on the demurrer to the original bill, except the objection that the complainant's corporation is not a proper party defendant. The reason given in support of this objection is, that such corporation being a citizen of this state could not have maintained this suit against these defendants, who are also citizens of this state.

The facts are admitted, but the conclusion does not follow. The inability of a party to sue in this court is no test of his liability to be sued in it. While a suit cannot be maintained in this court by a citizen of the state against a citizen of the state, yet every such citizen is liable to be sued in this court by a citizen of another state. So, while it is true that the complainant's corporation cannot sue the defendant corporation in this court, because of their common citizenship, yet it is equally true, that the complainant being a citizen of California may sue either or both of these corporations in this court. The questions are different and have no sort of relation to or dependence upon one another. Woolsey v. Dodge, 18 How. [59 U. S.] 345, 346. In this case, and in City of Memphis v. Dean, supra, the complainant's corporation was a citizen of the same state with the other defendants and could not have maintained a suit in those courts against its co-defendants, yet in both cases such corporation was made a party defendant.

All the questions specially made by the demurrer of the other defendants have also been decided adversely to them. But, under the general allegation of this demurrer, "that the amended bill does not state facts sufficient to constitute a cause of suit," in the written argument of counsel for defendants it is specially maintained that the complainant has not a sufficient interest in the subject matter of the controversy to enable him to maintain this suit: and that the refusal of the complainant's corporation to bring this suit for this protection is not such a breach of trust or neglect of duty, as gives the complainant a right of suit.

The first of these objections—the want of interest in the subject matter—was considered by court in disposing of the demurrer to the original bill. It was then held, that the complainant, being the owner of the corporation bonds, was its creditor, and that if he had a lien upon the lands of the corporation, as a security for the payment of such bonds, he has as much interest in the subject matter as a mere stockholder, and might, for the same reasons, maintain this suit, "to prevent another corporation from obtaining the same land by the wrongful use of the name of the corporation whose bonds he holds," Bradley v. Richardson [Case No. 1,786]. As to whether it sufficiently appeared from the bill, that the complainant had such a lien, the court was not clear, and did not decide; and no reason is shown why there should be any other or different conclusion at this time.

The complainant also maintained his right to bring this suit to protect his interest in the bonds of the corporation, as a species of property, having a conventional market value depending upon the probable resources and prospects of the corporation that issued them. Upon this point, the court, on the demurrer to the original bill, expressed no opinion, and I do not deem it necessary to do so now.

As to the second of these objections—the refusal of the complainant's corporation to bring this suit. I think it is well taken. The allegation, is not sufficient to enable the complainant to sue. It was impossible for such corporation to have brought this suit —being a citizen of the same state with the defendants. But, admitting that complainant's corporation might have brought this suit, and refused, it does not follow that it refused to bring any suit—for instance, a suit in the state court. In choosing between remedies, which are presumed to be equally effective, the corporation has a right to exercise its judgment. For an error in judgment in this respect, neither stockholders, nor creditors can sue the corporation, or call it to account. Woolsey v. Dodge, 18 How. [59 U. S.] 341. But as has been said, the complainant's corporation could not have brought this suit. The law of the land did not permit or authorize it, and therefore its refusal to do so when requested by the complainant, was neither a neglect of duty nor breach of trust, which gave the complainant a right of suit. The allegation is insufficient, and the amended bill in this respect, is no better than the original one.

Both on the ground of the sufficiency of the second plea (the plaintiff not desiring to con-

test the matter upon the proof), and this cause of demurrer, the bill must be dismissed.