|  58  189 |
|  125  723 |

HOMER BLACKMAN *et al.*, plaintiffs in error, *vs.* THE CENTRAL RAILROAD AND BANKING COMPANY, defendant in error.

Stockholders, except when expressly authorized by statute, are not allowed to plead and defend for the corporation, when the suit is against it, and they are not parties on the record.

Corporations.  Stockholders.  Pleadings.  Before Judge KIDDOO.  Muscogee Superior Court.  November Term, 1876.

Homer Blackman and other stockholders in the Mobile and Girard Railroad Company, petitioned the court to be allowed to file certain pleas to an action commenced by the Central Railroad and Banking Company against said Mobile and Girard Railroad Company for $116,953.52. They showed that said suit was entirely undefended, and that judgment would be obtained therein at the present term, unless pleas were filed; that William M. Wadley was president of the plaintiff and the defendant; that the attorney for the plaintiff was one of the directors of the defendant; that the defendant, as a corporation, will make no defense; that the large interests of plaintiff will be sacrificed unless they are allowed to defend, etc.

The affidavits in support of this petition showed how largely interested the Central Railroad and Banking Company was in obtaining the judgment, the motives which Mr. Wadley, as president of both corporations, had in making no defense, the refusal of the directors to defend, and the damage which would ensue to petitioners.

The court overruled the motion, and petitioners excepted.

R. J. MOSES; BLANDFORD & GARRARD; L. C. LEVY, for plaintiffs in error.

PEABODY & BRANNON, for defendant.

BLECKLEY, Judge.

Except in cases expressly provided for by the Code (section 3374) stockholders cannot plead or defend for the corporation. That the action is groundless and collusive, and that, from motives of fraud or favor on the part of the officers, the corporation fails or refuses to defend, will make no difference. The stockholders may protect all their rights by instituting a proper action of their own. In conducting suits, due regard must be had to the distinction between parties and those who are not parties. A corporation is a separate person from any or all of the stockholders. When it is sued alone, they are not before the court; and they cannot interpose in that suit, without express statutory authority. In equity, or possibly at law, under our pecular jurisprudence, they can take measures, by an original proceeding in their own behalf, to prevent the appropriation of corporate assets to fraudulent claims, though such claims have been, fraudulently, by the connivance of the corporation or its officers, reduced to judgment. The present case does not fall within the terms of section 3374 of the Code, since the judgment is not to bind the individual property of the stockholders; and no aid can be derived from the act of 1872, the same being unconstitutional—55 *Ga.*, 36.

Judgment affirmed.