Mims S. WARE, executor, *et al.*, plaintiffs in error, *vs.* RICH-ARD BAZEMORE, administrator, *et al.*, defendants in error.

1. Where one of the defendants, who was jointly interested with many others, in the *fi. fa.* under which the levy was made, and was the largest stockholder in defendant in *fi. fa.*, forbade the sale by the sheriff, and gave notice that the same was illegal and unauthorized, thus materially depreciating the property, and subsequently became

the purchaser, at a price far below the real value, the discretion of the chancellor, exercised in enjoining the completion of the sale by the execution of a deed by the sheriff, at the instance of other joint owners of said execution, whose only hope of collecting the amounts due them was in making the property aforesaid bring its full value, will not be controlled.

2. Stockholders cannot maintain a bill for the protection of corporate property, without alleging a refusal of the corporation to act in its corporate name.

3. Inasmuch as the evidence as to whether the amount for which the property was sold, was sufficient to pay off the balance due on the execution, and as to whether the property brought its full value, was conflicting, the discretion of the chancellor in granting the injunction will not be interfered with.

Injunction. Levy and Sale. Corporations. Before Judge HILL. Bibb County. At Chambers. January 9th, 1877.

Reported in the decision.

LOFTON & BARTLETT; S. HALL; A. O. BACON; JOHN C. RUTHERFORD, for plaintiffs in error.

LYON & NISBET, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendants, with a prayer for an injunction on the allegations contained therein, which the chancellor, after considering the same, together with the several affidavits filed by the respective parties, granted; whereupon the defendants excepted.

It appears from the record that Duncan, Sherman & Co. held a mortgage *fi. fa.* upon the property of "The Planters' Warehouse Company"—a corporation in the city of Macon—for the sum of $20,420.57; that on the 25th of July, 1870, Duncan, Sherman & Co. transferred said mortgage *fi. fa.* to several persons therein named, each party paying the amount affixed to his name, some more, and some less than others, but, in the aggregate, being the

amount of the mortgage *fi. fa.* Although several of the transferees were stockholders in The Planters' Warehouse Company, the *fi. fa.* was not transferred to them in that capacity, but they held it as creditors of the company, in unequal amounts. The property of the company was levied on to satisfy the *fi. fa.*, by the direction of one of the transferees thereof, without consulting the balance of them, and was offered for sale by the sheriff on the first Tuesday in December, 1876, when McBurney, one of the transferees, who was interested in the *fi. fa.* to the amount of $4,056.00, appeared at the sale and objected to the property being sold, as did H. T. Johnson, one of the transferees, and largest stockholder in said company, giving public notice that the sale was illegal and unauthorized, and forbade the sheriff to sell the property, in consequence of which the property was not contested for at the sale as it otherwise would have been, but was knocked off at the sum of $19,000.00, when it was worth the sum of $25,000.00; that notwithstanding Johnson united with the complainant, McBurney, in forbidding the sale of the property as before stated, he procured John Fort to bid it off, and then had the bid put down as the bid of H. T. Johnson, the man who had apparently made the greatest effort, publicly, to defeat the sale, and depreciate the price of the property. The complainants allege that the company have paid a large amount of usurious interest, which ought to be credited on the *fi. fa.*, but that is denied by the defendants. The evidence as to what will be due on the *fi. fa.* after a proper accounting between the parties, is conflicting.

If there is less due on the *fi. fa.* than the property sold for (to-wit: $19,000.00), the transferees have not been injured, and there is no reason why the sheriff should be enjoined from perfecting the sale of the property, or that the sale should be set aside as prayed for, so far as the transferees of the *fi. fa.* are concerned. But, on the other hand, if there is a larger amount due on the *fi. fa.* than the property sold for, and the price of the property was depre-

ciated by the alleged conduct of Johnson, who became the purchaser thereof, then the sheriff should be enjoined from perfecting the sale until the cause can be heard on its merits. As to what is the amount justly due on the *fi. fa.*, and whether the property sold for its full value at the sheriff's sale, the evidence is conflicting.

The complainants, as stockholders in the company, had no standing in court, inasmuch as there is no allegation in complainants' bill that the corporation had been requested to act in its corporate name in behalf of its stockholders, and had refused to do so—the general rule being, that the stockholders in a company must sue in the name of the corporation—*Colquitt et al. vs. Howard*, 11 *Ga. Rep.*, 556; *Atlanta vs. Grant, Alexander & Co.*—57 *Ga. R.*, 340.

The main ground of equity in the complainants' bill is, that, as creditors of the Planters' Warehouse Company, they have been injured by the sale of the property of that company, as alleged therein. Whether they have been so injured, and to what extent, the evidence in the record is conflicting, and, according to the repeated rulings of this court, we will not interfere to control the discretion of the chancellor in granting the injunction prayed for until the final hearing of the cause upon its merits.

Let the judgment of the court below be affirmed.