HENRY *et al. vs.* ELDER, administrator.

Where a mortgage made by the officers of a corporation has been fore-closed, an individual stockholder cannot interfere by injunction to restrain levy and sale under the mortgage *fi. fa.*, without showing some sufficient reason why the corporation itself is not the party complainant.

Corporations. Parties. Injunction. Mortgages. Before Judge HILLYER. DeKalb County. At Chambers. October 20, 1879.

Elder, as administrator of his wife, filed his bill against Henry *et al.* It alleged, in brief, as follows: The Stone Mountain Granite and Railway Co's. stock was divided into shares of $1,000 each. Of these W. A. Richardson held 58 shares, M. C. Richardson 15, J. F. Henry 5. All these live in Kentucky, the others in DeKalb county. John T. Meador owned 5 shares; complainant's intestate 2 shares; and there remained unsold 10 shares. Henry claimed to have become a creditor of the company, and succeeded in getting Meador, who was then acting as president, to give notes and a mortgage on the property to him, by using importunities, etc. This has been foreclosed and the *fi. fa.* levied on the property of the company. If sold under the levy it would be greatly sacrificed; if properly levied on, advertised and brought to sale, the smaller parts of the property would pay the debt. Various points of illegality both in the foreclosure and proceedings of the sheriff were set out, but are not material here. Complainant did not know of the foreclosure until recently. Complainant and Meador were willing to pay their proportion of the debt. Collusion etc., was charged between Henry and the Richardsons, all of whom claimed to be directors in the company. Discovery was waived. The object of the bill was to enjoin the sale under the mortgage *fi. fa.*, to have a receiver, etc.

Henry answered. The principal points of his answer,.

material here, were as follows: Denies any irregular means of getting the mortgage, and sets up authority in Meador to make it. (On the hearing, this was admitted by complainant.) Denies all collusion, etc., or desire to injure 'the company, or that he had ever claimed to be a director. Defendant also alleged that complainant knew of the debt, though he might not have known of the foreclosure.

The bill and answer were supported by exhibits and affidavits. On the hearing the chancellor granted the injunction, and defendants excepted.

H. K. McCAY; D. & T. B. IRWIN; GOBER & LESTER, for plaintiffs in error.

STEWART & HALL, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants, with a prayer for an injunction on the allegations contained therein. On the hearing of the case, the chancellor, after considering the allegations in the bill, the defendants' answer thereto, and the evidence contained in the record, granted the injunction prayed for, whereupon the defendants excepted.

It appears from the record that the complainant was a stockholder in the "Stone Mountain Granite Company," a corporation, and as such stockholder, was bound by the contracts made by the properly constituted officers and agents of that corporation when acting within the scope of its granted powers, and was also bound, as such stockholder, by the judgment regularly obtained against it when service had been perfected upon the proper officers and agents of said corporation in the manner required by law, although the complainant may not, in his individual capacity, have had actual notice thereof. According to the rulings of this court in *Blackman vs. The Central R. R. & Banking Co.*, and in *Ware vs. Bazemore*, 58 *Ga.*, 189 and 216, the

complainant, as a stockholder in said corporation, in view of the allegations contained in his bill, had no standing in court which would entitle him to the injunction prayed for. Let the judgement of the court below be reversed.