[No. 14224.  In Bank. — August 10, 1892.]

W. E. BAINES, RESPONDENT, *v.* E. S. BABCOCK, JR., ET AL., APPELLANTS.

CORPORATIONS — UNPAID SUBSCRIPTIONS TO STOCK — CREDITOR'S BILL TO ENFORCE PAYMENT. — A judgment creditor who has exhausted his legal remedies against a corporation may maintain an action against its stockholders to recover, for the benefit of all the creditors who may desire to come in and be made parties, the amount due upon unpaid subscriptions for stock, when the corporation neglects or refuses to collect the same.

ID. — STOCKHOLDER'S PERSONAL LIABILITY TO CREDITORS — CONSTRUCTION
OF CODE. — The remedy given by section 322 of the Civil Code, fixing
the personal liability of the stockholders of a corporation, is purely
statutory, and furnishes to creditors of corporations additional security,
by making the stockholders directly liable for their proportion of the
corporate debts, and was not intended to diminish the assets of the cor-
poration by releasing the stockholder from his indebtedness to the cor-
poration on account of his unpaid subscription for stock, or to take away
from the creditor the right to resort to a court of equity to compel its
payment.

ID. — SEVERAL LIABILITY OF STOCKHOLDERS UPON SUBSCRIPTIONS — PAR-
TIES TO CREDITOR'S BILL. — The liability of each stockholder upon his
subscription to the capital stock of a corporation is several and not joint;
and upon a creditor's bill by a judgment creditor who has exhausted
his legal remedies against the corporation, to subject the amount due
from the stockholders for unpaid subscriptions for stock to the pay-
ment of the judgment, it is not necessary that all of the stockholders
should be made parties defendant.

ID. — EVIDENCE — PURSUIT OF STATUTORY LIABILITY — EXHAUSTION OF
REMEDIES — RETURN OF EXECUTION UNSATISFIED. — It is not necessary
for the judgment creditor of the corporation, who is seeking in equity to
enforce payment of subscriptions to stock, to show that he had pursued
his statutory remedy against the stockholders, and proof that the credi-
tor had exhausted his legal remedies against the corporation is shown by
the introduction in evidence of the judgment against the corporation
with the return of the execution issued thereon unsatisfied.

ID. — CONCLUSIVENESS OF RETURNS — INADMISSIBLE EVIDENCE — PROPERTY
SUBJECT TO EXECUTION. — The return of the execution issued upon the
judgment as unsatisfied is conclusive, in the equitable action against
the stockholders, that the creditor has exhausted his legal remedy upon
the judgment; and evidence offered by the defendants for the purpose of
showing that the corporation was the owner and in the possession of a
large amount of personal property, which might have been levied upon,
is properly rejected by the trial court.

ID. — CONCLUSIVENESS OF JUDGMENT — INADMISSIBLE ASSAULT BY STOCK-
HOLDERS — DEBT OF CORPORATION ULTRA VIRES. — A judgment again.t
a corporation for an alleged corporate indebtedness is conclusive upon
it, and of the right of the creditor to subject its property to the satis-
faction thereof; and in the absence of fraud is equally conclusive upon
the stockholder, when it is sought to satisfy the judgment out of the
assets of the corporation in his hands; and evidence offered by the
stockholders in the action against them, to show that the indebtedness
for which the judgment against the corporation was recovered arose
upon a contract which was *ultra vires,* is properly excluded by the trial
court.

ID. — ACTS OF CORPORATION BINDING UPON STOCKHOLDERS IN ABSENCE OF
FRAUD. — A corporation represents and binds its stockholders in all
matters within the limits of its corporate powers, so long as it acts in
good faith and without fraud upon their rights; and in the bringing
and defending of suits affecting the rights and obligations of the corpo-
ration, it binds the stockholders as fully as in the making of contracts;

and with its right to maintain and defend actions concerning its corporate rights or liabilities, the stockholders cannot interfere, except when the directors refuse to act, or are guilty of fraud in the maintenance or defense of the action.

ID. — STOCK IN NAME OF DEFENDANT — LIABILITY OF HOLDER TO CREDITORS — INADMISSIBLE EVIDENCE — AGENCY FOR OWNERS. — One to whom stock is issued by a corporation, and who has the same placed in his name on the corporation books as the owner, is liable to the creditors of the corporation as though he were the absolute owner, although he was in fact a pledgee, agent, or trustee for the real owner; and in an action against a stockholder to subject the amount due from him for unpaid subscriptions to stock to the payment of an unsatisfied judgment against the corporation, evidence is inadmissible to show that he was the real owner of only part of the shares issued to him by the corporation, and that the others standing in his name were owned by other parties, and were issued to him for the purpose of negotiating a loan for the real owners.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Hunsaker, Britt & Goodrich,* for Appellants.

Under the common law and the law of this state, this action is not maintainable, and the demurrers to the complaint for want of facts should have been sustained. (*Sawyer* v. *Hoag*, 17 Wall. 610, 620; Thompson on Liability of Stockholders, sec. 10; Cook on Stock and Stockholders, 2d ed., sec. 199; *Wood* v. *Dumner*, 3 Mason, 308; *Gray* v. *Coffin*, 9 Cush. 199; *Salt Lake City Bank* v. *Hendrickson*, 40 N. J. L. 54, 55; *Thomas* v. *Dakin*, 23 Wend. 95; *Alling* v. *Ward*, 24 N. E. Rep. 551; *French* v. *Teschemaker*, 24 Cal. 540; *In re South Mountain Consolidated Min. Co.*, 8 Saw. 366.) There is a defect of parties, as all the stockholders should have been made defendants. (*Mann* v. *Pentz*, 3 N. Y. 416–423; *Griffith* v. *Mangam*, 73 N. Y. 611, 612; *Adler* v. *Milwaukee P. B. M. Co.*, 13 Wis. 57–63; *Coleman* v. *White*, 14 Wis. 700–705; 80 Am. Dec. 797; *Umstead* v. *Buskirk*, 17 Ohio St. 113; *Bonewitz* v. *Van Wert County Bank*, 41 Ohio St. 78; *Wellington* v. *Continental C. & I. Co.*, 5 N. Y. Supp. 588; Thompson on Liability of Stockholders, secs. 353, 361.) The indebted-

ness was upon a contract which was *ultra vires*, and
therefore could furnish no ground for an action against
the stockholder. (*Cox* v. *Gould*, 4 Blatchf. 341, 346;
*Hall* v. *Auburn Turnpike Co.*, 27 Cal. 256; 87 Am. Dec.
75; *Miners' Ditch Co.* v. *Zellerbach*, 37 Cal. 543; 99 Am.
Dec. 300; *Pearce* v. *Madison etc. R. R. Co.*, 21 How. 441;
*City of St. Joseph* v. *Saville*, 39 Mo. 460; *Hoagland* v.
*Hannibal etc. R. R. Co.*, 39 Mo. 451; *Sumner* v. *Marcy*, 3
Wood. & M. 105.) The judgment against the corpo-
ration did not preclude a defense by the stockholders.
(*Neilson* v. *Crawford*, 52 Cal. 249; *McMahon* v. *Macy*, 51
N. Y. 155; *Miller* v. *White*, 50 N. Y. 142; *Southmayd* v.
*Russ*, 3 Conn. 52, 57.) The return of the sheriff upon
the execution was not conclusive evidence of the insol-
vency of the corporation, and of the exhaustion of the
creditor's remedy. (Pol. Code, sec. 4178; 2 Freeman
on Executions, sec. 365; *Walker* v. *Sedgwick*, 8 Cal.
398.) The defendant Babcock should have been per-
mitted to show that he did not own the shares of stock
standing in his name. The books of the company
were at most only *prima facie* evidence in this regard.
*Mudgett* v. *Horrell*, 33 Cal. 25. See *McMahon* v. *Macy*,
51 N. Y. 161; *Parrott* v. *Byers*, 40 Cal. 614.) The equi-
table title remained in the parties for whom Babcock
was trying to borrow the money. (*Broadway Bank* v.
*McElrath*, 13 N. J. Eq. 26.) And they were the persons
who, as regards this amount of stock, constituted the
stockholders liable for the debt of plaintiff. (*Larrabee* v.
*Baldwin*, 35 Cal. 166.)

*Works, Gibson & Titus*, and *Sprigg & Barber*, for Ap-
pellants.

Originally, in this state, both the equitable liability of
stockholders and a statutory liability similar to the pres-
ent one were expressly provided for by statute (Stats.
1850, p. 347, sec. 4); but in the codes but one of these
liabilities, viz., the statutory one, has been provided for
(Civ. Code, sec. 322); and therefore it is quite clear that
it was intended by the law-makers that the liability of

stockholders provided by the statute should be their
whole liability. (*State* v. *Conkling*, 19 Cal. 501, 512: *Jes-
sup* v. *Carnegie*, 80 N. Y. 442; 36 Am. Rep. 643; *Mills* v.
*Stewart*, 41 N. Y. 389.) The right to resort to unpaid
subscriptions of stock was held to be a substitute for the
personal liability which subsists in private copartner-
ships. (*Sanger* v. *Upton*, 91 U. S. 56, 60.) And the equity
remedy was allowed, because at common law the stock-
holders were not personally liable for the debts of the
corporation. (Thompson on Liabilities of Stockholders,
sec. 11.) But in this state an absolute personal liability
which can be enforced at law having been provided for,
this substitute therefor is no longer necessary, and should
not be allowed, at least until this legal remedy has been
exhausted, and has failed to bring the creditor his money.
(*Lowry* v. *Inman*, 46 N. Y. 119; *Shaw* v. *Boylan*, 16 Ind.
384; *Allen* v. *Walsh*, 25 Minn. 543, 556; *Mansfield etc.
Works* v. *Willcox*, 52 Pa. St. 377; *Hoard* v. *Willcox*, 47
Pa. St. 51; Cook on Stockholders, sec. 220; *Adler* v. *Mil-
waukee etc. Mfg. Co.*, 13 Wis. 63; *Taylor* v. *Bowker*, 111
U. S. 110; 4 Am. & Eng. Ency. of Law, 574.) It is not
shown that the legal remedy was exhausted simply
because the execution against the corporation was re-
turned *nulla bona*, as not only are the stockholders
primarily liable, but they are jointly and severally lia-
ble, and the creditor may maintain an action against
the stockholders without attempting to make his debt
out of the corporation. (Const., art. XII., sec. 3; Civ.
Code, sec. 322; *Mokelumne C. & M. Co.* v. *Woodbury*,
14 Cal. 265; *Davidson* v. *Rankin*, 34 Cal. 503; *Young* v.
*Rosenbaum*, 39 Cal. 646; *Prince* v. *Lynch*, 38 Cal. 530;
99 Am. Dec. 427; *Sonoma Valley Bank* v. *Hill*, 59 Cal.
109; *Morrow* v. *Superior Court*, 64 Cal. 383; *Hyman*
v. *Coleman*, 82 Cal. 650; 16 Am. St. Rep. 178.) The
court below erred in finding that other stockholders
than those sued were not necessary parties. The rule is
well settled that in an equitable proceeding of this kind
the suit is for the benefit of all the creditors, and that
all the stockholders are necessary parties defendant.

(Cook on Stock and Stockholders, secs. 205, 206; *Allen* v. *Walsh*, 25 Minn. 543, 553; *Pollard* v. *Bailey*, 20 Wall. 520; Morawetz on Corporations, sec. 866; Thompson on Liability of Stockholders, sec. 353; *Wetherbee* v. *Baker*, 35 N. J. Eq. 501; *Griffith* v. *Mangam*, 73 N. Y. 611; *Adler* v. *Milwaukee etc. Co.*, 13 Wis. 63; *Patterson* v. *Lynde*, 112 Ill. 196; *Hadley* v. *Russell*, 40 N. H. 109; *Erickson* v. *Nesmith*, 46 N. H. 371; *Thompson* v. *Reno Savings Bank*, 19 Nev. 103; 3 Am. St. Rep. 815.) The court erred in refusing to allow the defendants to prove that the corporation had property subject to execution out of which the debt could have been made, as the return of the execution *nulla bona* was not conclusive as to the insolvency of the corporation. (*Windhaus* v. *Bootz*, 25 Pac. Rep. 404; *Crouse* v. *Bailey*, 10 N. Y. Supp. 273; *Walker* v. *Sedgwick*, 8 Cal. 403; *Harris* v. *Taylor*, 15 Cal. 348; *Lee* v. *Orr*, 70 Cal. 398.)

*Brunson, Wilson & Lamme*, also for Appellants.

A legal change of the corporate purposes will absolve the stockholder from his liability upon his subscription to the capital stock (Angell & Ames on Corporations, sec. 537; *Banet* v. *Alton & Sangamon R. R. Co.*, 13 Ill. 508; *Pennsylvania etc. Canal Co.* v. *Webb*, 9 Ohio, 136; *Union Locks and Canals* v. *Towne*, 1 N. H. 44; 8 Am. Dec. 32; *Middlesex Turnpike Co.* v. *Swan*, 10 Mass. 384; *Burrows* v. *Smith*, 10 N. Y. 550; *Marrietta etc. R. R. Co.* v. *Elliott*, 10 Ohio St. 57; *Woodhouse* v. *Commonwealth Ins. Co.*, 54 Pa. St. 307; *Hester* v. *Memphis etc. R. R. Co.*, 32 Miss. 378; *McCullough* v. *Moss*, 5 Denio, 580; *Troy etc. R. R. Co.* v. *Kerr*, 17 Barb. 607; *Plank Road Co.* v. *Lapham*, 18 Barb. 315); and therefore a wholly illegal and *ultra vires* one will do so, particularly when the creditor knew of the illegal and *ultra vires* acts. A corporation represents and binds the share-holder only in such matters as are within the limits of the corporate powers. (Green's Brice's Ultra Vires, 2d Am. ed., 77–467, and notes; *Railway* v. *Allerton*, 18 Wall. 233.)

*Frank W. Burnett,* for Respondent.

This action is clearly maintainable. (*Harmon* v. *Page*, 62 Cal. 448–464; *Hatch* v. *Dana*, 101 U. S. 885; Cook on Stockholders, sec. 199, and cases cited; *Sawyer* v. *Hoag*, 17 Wall. 610–620; Morawetz on Corporations, secs. 820, 821.) It was not necessary to make all of the stockholders parties defendant. (*Hatch* v. *Dana*, 101 U. S. 205; *Brundage* v. *Monumental Gold etc. Co.*, 12 Or. 322. See also, of the later cases, *Thompson* v. *Reno Savings Bank*, 19 Nev. 103; 3 Am. St. Rep. 797; *Samaingo* v. *Stiles*, 20 Pac. Rep. 607 (Ariz.); *Cornell's Appeal*, 114 Pa. St. 153; Cook on Stockholders, note to sec. 206.) The claim that the judgment was rendered for indebtedness contracted *ultra vires* is no defense to the action. (Cook on Stockholders, secs. 187, 188.) The judgment is conclusive in this action. (Cook on Stockholders, sec. 209; Morawetz on Corporations, secs. 865, 886; Thompson on Stockholders, sec. 329; *Slee* v. *Bloom*, 20 Johns. 669.) As the defendant Babcock was the legal holder of the stock transferred to him, he is liable in this action, and not the equitable owner. (Cook on Stockholders, sec. 245; Morawetz on Corporations, secs. 852–854.)

*Myrick & Deering,* also for Respondent.

The code has not taken away the creditor's right to resort to unpaid subscriptions to the stock of the corporation. (*Harmon* v. *Page*, 62 Cal. 448; 1 Pomeroy's Eq. Jur., secs. 276 et seq.) The reason for subjecting the unpaid subscriptions to the payment of judgment creditors is not because there was formerly no resort to the stockholders personally, but because the unpaid subscriptions were a trust fund belonging to the corporation. (Thompson on Liability of Stockholders, sec. 13; Cook on Stockholders, sec. 200.) The creditor need not sue the stockholder on his statutory liability before resorting to the unpaid subscriptions. (Thompson on Liability of Stockholders, sec. 265; 2 Morawetz on Corporations, sec. 866.) Neither was it necessary to make all of the

stockholders parties defendant. (*Hatch* v. *Dana*, 101 U. S. 205, 210–211; *Hill* v. *Merchants' Ins. Co.*, 134 U. S. 515, 527.) It was not error for the court to refuse to allow the defendants to prove that the corporation had property subject to execution out of which the debt might have been made, as the return was conclusive. (*Jones* v. *Green*, 1 Wall. 330, 332; Cook on Stockholders, 2d ed., pp. 208, 209.) The judgment is conclusive upon the stockholders. (Cook on Stockholders, sec. 209.) And the return upon the writ of execution becomes part of the record, and is entitled to the same weight as evidence. (2 Freeman on Executions, 2d ed., sec. 363; *Bank of U. S.* v. *Dallam*, 4 Dana, 574, 579; *Pigot* v. *Davis*, 3 Hawks, 25; *Jones* v. *Green*, 1 Wall. 330, 332.)

*McNealy, Trippett & Neale*, and *M. S. Babcock*, also for Respondent.

The COURT. — This cause was submitted in Department, and a decision was rendered therein, affirming the judgment, on September 23, 1891. Thereafter, on petition of appellants, a rehearing was granted, and the cause was submitted in Bank.

We have given to the arguments and briefs of counsel, and the cases therein cited, careful attention and consideration, and are satisfied with the opinion and conclusion of Department Two. Some of the points might be more elaborately discussed and additional authorities cited in support of the conclusions reached, but we deem it unnecessary to do so.

For the reasons given in the opinion of Mr. Justice De Haven, in Department, the judgment and order are affirmed.

HARRISON, J., dissented.

The following is the opinion above referred to, rendered in Department Two, on the 23d of September, 1891:—

DE HAVEN, J.— This is an action to subject the amount due from defendants for unpaid subscriptions for stock in the San Diego Street-Car Company to the payment of a judgment in favor of plaintiff, and against said corporation. The findings of the court, following the allegations of the complaint, show that execution was issued upon this judgment, and by the sheriff returned unsatisfied, because he could find no property of the corporation to apply to the satisfaction thereof. It is also alleged and found that the officers of the corporation have neglected and refused to make any assessment upon its stock, or to collect the balance remaining unpaid upon subscriptions for its stock. The plaintiff recovered judgment, and from this, and an order denying their motion for a new trial, the defendants appeal.

1. It is well settled that a judgment creditor who has exhausted his legal remedies against a corporation may maintain an action against its stockholders to recover, for the benefit of all creditors who may desire to come in and be made parties, the amount due upon unpaid subscriptions for stock, when the corporation neglects or refuses to collect the same. The action is sustained upon the principle that such unpaid subscriptions are a part of the capital stock of the corporation, and, like other debts due to it, constitute a fund to which creditors may look for the payment of their claims; and when the corporation neglects to call them in, a court of equity will enforce their payment. (*Sanger* v. *Upton*, 91 U. S. 56.) The contention of appellants, that this equitable remedy is superseded in this state by section 322 of the Civil Code, and that the only personal liability of the stockholder is that fixed by that section, is not tenable, and was so held by this court in *Harmon* v. *Page*, 62 Cal. 448. The remedy given by that section of the code is purely statutory, and furnishes to creditors of corporations additional security by making the stockholder directly liable for his proportion of the corporate debts, and was not intended to diminish the assets of the corporation by releasing the stockholder from his indebt-

edness to the corporation on account of his unpaid subscription for stock, or to take away from the creditor the right to resort to a court of equity to compel its payment.

2. All the stockholders were not made parties defendant, and the objection to their non-joinder was taken both by demurrer and answer. The objection is not well taken, although the rule contended for by appellants finds support in some of the decided cases. The precise question arose in the case of *Hatch* v. *Dana*, 101 U. S. 205; and it was there held, in an opinion the reasoning of which seems to us to be conclusive, that it is not necessary that all the stockholders should be made defendants in this kind of an action. The court there say: " The liability of a stockholder for the capital stock of a company is several, and not joint. By his subscription each becomes a several debtor to the company, as much so as if he had given his promissory note for the amount of his subscription. At law, certainly, his subscription may be enforced against him without joinder of other subscribers; and in equity his liability does not cease to be several. . . . . It may be that if the object of the bill is to wind up the affairs of this corporation, all the share-holders, at least so far as they can be ascertained, should be made parties, that complete justice may be done by equalizing the burdens, and in order to prevent multiplicity of suits. But this is no such case. The most that can be said is, that the presence of all the stockholders might be convenient, not that it is necessary. When the only object of a bill is to obtain payment of a judgment against a corporation out of its credits or intangible property, — that is, out of its unpaid stock, — there is not the same reason for requiring all the stockholders to be made defendants. In such a case no stockholder can be compelled to pay more than he owes." And this rule is followed by other courts. (*Thompson* v. *Bank*, 19 Nev. 103; 3 Am. St. Rep. 797; *Bartlett* v. *Drew*, 57 N. Y. 587; *Brundage* v. *Mining Co.*, 12 Or. 322.)

3. It was not necessary for plaintiff to show that he had pursued his statutory remedy against the stockholders. The rule is, that a creditor has a right to resort to the equitable remedy invoked by the plaintiff in this action after he had exhausted his legal remedies against the corporation, and this was shown in this case by plaintiff's judgment, and the return of the execution issued thereon unsatisfied.

4. The court did not err in refusing to allow defendants to show that the corporation was the owner and in possession of a large number of street-cars and other personal property, and a line of street-railway and of valuable franchises within the city of San Diego. The purpose of this offered evidence was to show that plaintiff had not exhausted his legal remedy upon his judgment, but was not competent for that purpose. The rule upon this point is thus stated by Mr. Justice Field in *Jones* v. *Green,* 1 Wall. 332: "The court, when its aid is invoked, looks only to the execution, and the return of the officer to whom the execution was directed. The execution shows the remedy afforded at law has been pursued, and of course is the highest evidence of the fact. The return shows whether the remedy has proved effectual or not, and from the embarrassments which would attend any other rule the return is held conclusive. The court will not entertain inquiries as to the diligence of the officer in endeavoring to find property upon which to levy."

5. The appellants offered to show that the indebtedness for which plaintiff's judgment against the corporation was recovered arose upon a contract which was *ultra vires.* The evidence was excluded, and this ruling is assigned as error. The question is thus presented, whether such judgment is conclusive upon the stockholders of the corporation in this action, and that it is we entertain no doubt. The object of this suit is to compel the corporation against whom the judgment was recovered to satisfy the same out of its assets, and it is not competent for the defendants, who are simply called

upon to pay what they owe to the corporation in order that its obligations may be discharged, to reopen the question whether, upon the facts, the plaintiff ought to have had judgment against the corporation. The judgment was a conclusive determination of that fact as against the corporation and all persons in privity with it, and carries with it, without relitigating the facts upon which it is based, the undoubted right of enforcement against the property of the corporation, and that is all that is sought in this case. A corporation represents and binds its stockholders in all matters within the limits of its corporate power, so long as it acts in good faith and without fraud upon their rights; and in the bringing and defending of suits affecting the rights and obligations of the corporation, it binds the stockholders as fully as in the making of contracts. The right to sue and be sued, to maintain and defend actions concerning corporate rights and corporate liabilities, is a power incident to every corporation. In this state it is not only conferred by statute, but is preserved by constitutional provision. (Const., art. XII., sec. 4.) And with this right of the corporation to maintain and defend actions concerning its corporate rights or liabilities the stockholder cannot interfere, except when the directors refuse to act, or are guilty of fraud in the maintenance or defense of the action. (*Newby* v. *Railroad Co.*, 1 Saw. 63; *Memphis City* v. *Dean*, 8 Wall. 73; *Ware* v. *Bazemore*, 58 Ga. 316; *Greaves* v. *Gouge*, 69 N. Y. 154; *Brewer* v. *Boston Theatre*, 104 Mass. 378.) It must necessarily follow, from the nature of this corporate power, that a judgment against a corporation for an alleged corporate indebtedness is conclusive upon it, and of the right of the creditor to subject its property to the satisfaction thereof; and, in the absence of fraud, equally conclusive upon the stockholder when it is sought to satisfy the judgment out of the assets of the corporation in his hands. This was so held in *Marsh* v. *Burroughs*, 1 Woods, 471. Mr. Justice Bradley, in delivering the opinion of the court in that case, said: "The stockholders of the bank can-

not ask to go behind the judgments rendered against the bank and question the original cause of action, unless they can show collusion between the plaintiff and the bank, entered into for the purpose of defrauding the stockholders." And this view is also sustained by the following cases: *Glenn* v. *Williams*, 60 Md. 93; *Henry* v. *Elder*, 63 Ga. 347; *Lehman* v. *Glenn*, 87 Ala. 618; *Stephens* v. *Fox*, 83 N. Y. 317; *Bank* v. *Chandler*, 19 Wis. 435. See also Morawetz on Private Corporations, sec. 865.

6. The appellant Babcock offered to show upon the trial that he was the real owner of only 425 of the shares issued to him by the corporation, and that the others standing in his name on its books were owned by other parties, and that they were issued to him as a matter of convenience to enable him to negotiate a loan for such owners. The evidence was excluded, and in our opinion, the ruling was correct. It seems to be well settled that one to whom stock is issued by the corporation, and who has the same placed in his name on the corporation books as the owner, is liable to the creditors of the corporation as though he were the absolute owner; and this whether he was in fact a pledgee, agent, or trustee for the real owner. (*Bank* v. *Case*, 99 U. S. 631; Cook on Stockholders, secs. 249–253; Thompson on Stockholders, sec. 223; *Thompson* v. *Bank*, 19 Nev. 103; 3 Am. St. Rep. 797.) The foregoing views dispose of all the questions presented by this appeal requiring special discussion.

Judgment and order affirmed.

BEATTY, C. J., and McFARLAND, J., concurred.