## THE HARTFORD AND NEW HAVEN RAIL-ROAD COMPANY *against* BOORMAN and another.

A stockholder in *The Hartford and New-Haven Rail-Road Company,* who derived his stock by a transfer from the original subscriber, and received a new certificate from the company, is personally liable to pay the instalments called for, after the transfer.

THIS case differs from the preceding one of the same plaintiffs against *Kennedy,* in this particular only, that it is a suit brought against the defendants as assignees or purchasers of stock, who have received certificates of proprietorship from the plaintiffs, and have become stockholders in the company ; and it was instituted to recover instalments required to be paid on their shares, after they became stockholders. The plaintiffs having obtained a verdict, pursuant to the direction of the judge, the defendants moved for a new trial for a misdirection.

*W. W. Ellsworth* and *Kimberly,* in support of the motion, contended, That the personal liability of the stockholders, if any, rested on their private, collateral undertaking, and did not extend to a *bona fide* purchaser. The terms of subscription do not affect him. 1 *Binn.* 75. per *Yeates,* J.

*Hungerford* and *R. S. Baldwin*, contra, contended, 1. That the original subscriber, who transfers his stock before the instalments are called for, is not liable, by the terms of the 13th section of the charter, to the requisition of the directors. It is to be made of "*the stockholder*."

*New-Haven,*
*July,* 1838.

The Hartford
& New-Haven
Rail-Road Co.
*v.*
Boorman.

2. That the assignee is liable. When he purchases his stock and receives the certificate of transfer, he receives it with notice on its face of the sum *paid*, and that "the residue is payable by instalments, as may be ordered by the board of directors." There is a privity not only between him and his assignor, but between both of them and the company. The former stockholder is released from his obligation. He ceases to be a member of the corporation; and is succeeded, in all his rights and obligations, by the assignee. *The Huddersfield Canal Company* v. *Buckley*, 7 *Term Rep.* 36. *Bend* v. *The Susquehannah Bridge and Banking Company*, 6 *Harr. & Johns.* 128. If it were otherwise, the capital stock of the company would not be entire.

HUNTINGTON, J. The reasons for our decision subjecting the original subscribers to personal liability, apply, with equal force, to those who become stockholders by purchase. The relation of stockholder and company exists. A privity between them is created. The charter provides, in the 2nd section, that the shares shall be transferable in such manner as the by-laws of the company direct; and it is admitted, that the defendants, on the 16th day of *December*, 1835, (which was before any of the sums now sought to be recovered, were required by the directors to be paid,) were, and ever since have been, the owners and holders of one hundred shares of the stock of the company originally subscribed, and by the subscribers to whom they were apportioned, duly transferred to the defendants, on the books of the company, and a certificate given at the request of the defendants, declaring that "they are entitled to one hundred shares in the capital stock of *The Hartford and New-Haven Rail-Road Company*, on which five dollars on each share has been paid; the residue payable by instalments, as may be ordered by the board of directors. Said shares are transferable on the books of said company, at the *Phoenix Bank* in the city of *Hartford*, by *J. Boorman* and *H. Hudson*, or their attorney, on the surrender of this certifi-

*New-Haven,*
*July, 1838.*

The Hartford
& New-Haven
Rail-Road Co.
*v.*
Boorman.

cate." The case already decided must, therefore, govern this; and as to the instalments sought to be recovered in this action, we apply the just rule stated by the court in the case of *The Huddersfield Canal Company* v. *Buckley*, 7 *Term Rep.* 36., that "after assignment, the assignees hold the shares on the same conditions, and are subject to the same rules and orders as the original subscribers, and are" (for all the purposes of the present case) "substituted in the places of original subscribers." *Bend* v. *The Susquehannah Bridge & Banking Co.* 6 *Harr. & Johns.* 128.

We take occasion to remark, that no questions have been discussed before us, in either of the cases, *upon whom* the liability rests to pay instalments required by the directors, upon stock then owned by one person, but which subsequent to such requisition, and before the same become due, is, by him, *bona fide* transferred to another ; nor regarding the effect of transfers by stockholders, to known bankrupts, with the view of terminating their liability for future instalments ; nor touching the operation of transfers, by way of mortgage or hypothecation, with reference to any supposed liability, on the part of the mortgagee, for instalments which are ordered while he holds them in pledge. And we give no opinion upon either of these points. They are not embraced in the cases before us ; and the expression of an opinion would be both unnecessary and improper.

The instruction to the jury was right in the present case; and a new trial is not advised.

In this opinion the other Judges concurred.

New trial not to be granted.