[In Bank —December 10, 1883.

THE PEOPLE EX REL. EDWARD PROBERT ET AL., APPELLANTS, *v.* L. L. ROBINSON ET AL., RESPONDENTS.

CORPORATION — ELECTION OF OFFICERS — RIGHT TO VOTE. — An election of officers of a corporation is not invalid because certain shares of the capital stock were voted by the person in whose name they stood on the books of the corporation, but who had previously transferred the same by an assignment of the certificates, although the result of the election was determined by his vote. Appearing on the books of the corporation as the owner of the shares, he was the proper person to vote them.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts appear in the opinion of the court.

*A. L. Hart,* Attorney-General, *Wilson & Wilson,* and *Crittenden Thornton,* for Appellants.

The sale of stock by Bennett to Probert, although not transferred upon the books of the company, was good as to all the world, except creditors and purchasers without notice. (*Weston* v. *B. R. & A. Co.* 6 Cal. 425; *Naglee* v. *Pac. Wharf,* 20 Cal. 529; *People ex rel. Mead* v. *Elmore,* 35 Cal. 663; *Stewart* v. *Mahoney Mining Co.* 54 Cal. 149; *Brewster* v. *Hartley,* 37 Cal. 15; *Ex parte Holmes,* 5 Cowen, 433; *Allen* v. *Hill,* 16 Cal. 113; *Mudgett* v. *Horrell,* 33 Cal. 25.)

*Llyod & Wood,* for Respondents.

The statute (1853, p. 90) plainly indicates that resort must be had to the books in order to determine the right to vote. (45 Pa. St. 59; *State ex rel. White* v. *Ferris,* 42 Conn. 560; *Hoppin* v. *Buffum,* 9 R. I. 513; *State of Nevada* v. *Pettineli,* 10 Nev. 141–145; *Ex parte Willcoxs,* 7 Cowen, 410; *State* v. *Lehre,* 7 Rich. 256; *People* v. *Crossley,* 69 Ill. 198; Angell & Ames on Corporations, § 132.)

SHARPSTEIN, J. — This action was brought to oust the defendants from the offices of trustees of the St. Lawrence Mining Company, and to procure a judgment to the effect that the relators are entitled to said offices. The defendants claim to have been elected at a regular election held on the ninth day of January, 1880, the day on which it is conceded an election of trustees might properly be held. But the relators claim that the election is invalid because a majority of the capital stock of said corporation was not represented at said election.

It appears that one Bennett, who appeared by the books of the corporation to be the owner of thirty-seven thousand one hundred and twenty-one shares, cast the number of votes which that number of shares entitled him to, although he had previously sold thirty-six thousand of said shares to Probert, one of the relators. But such transfer had not been entered on the books of the company. It does not appear that the right of Bennett to vote as he did was challenged, or that Probert attempted or claimed the right to cast the votes which the relators now insist he had a right to cast by virtue of his owning said shares. The validity of the election depends upon the right of Bennett to cast the

votes which he might rightfully have cast, if he had not sold said thirty-six thousand shares.

By section five of the Act of 1853, under which the company was incorporated, it is provided that each stockholder shall be entitled to as many votes as he owns shares of stock; and by section 9, that "the stock of the company shall be deemed personal estate, and shall be transferable in such manner as shall be prescribed by the by-laws of the company; but no transfer shall be valid, except between the parties thereto, until the same shall have been so entered on the books of the company, as to show the names of the parties by and to whom transferred, the number and designation of the shares, and the date of the transfer." (Stats. 1853, p. 88.)

A transfer not entered on the books of the company has no validity outside of the parties to such transfer. If not, could it affect the validity of an election at which trustees of the company were elected? If so, would not a transfer, although not entered on the books of the company, be valid outside of the parties to such transfer? The construction which we feel compelled to give to this clause is, that a transfer of stock, until entered upon the books of the company, confers on the transferee, as between himself and the company, no right beyond that of having such transfer properly entered. Until that is done, or demanded to be done, the person in whose name the stock is entered on the books of the company is, as between himself and the company, the owner to all intents and purposes, and particularly for the purpose of an election. (*State* v. *Ferris,* 42 Conn. 560; *Hopkins* v. *Buffum,* 9 R. I. 513; *Gilbert* v. *Manufacturing Iron Co.* 11 Wend. 627; *Bank of Utica* v. *Smalley,* 2 Cowen, 770; *Kirtright* v. *Bank of Buffalo,* 22 Wend. 348; *State of Nevada* v. *Pettineli,* 10 Nev. 141.)

"As between a corporator and the corporation, the records of the corporation, or its stock book, as it is called, is the evidence of their relation. Meetings of the stockholders, *elections* and dividends, etc., are regulated by this record. The certificate is but secondary evidence, and is never demanded except when the stockholder deals with the corporation in a contract relation." (Bank of Commerce's Appeal, 73 Pa. St. 59.)

Whatever rights the purchaser of a certificate of stock may

acquire as between himself and his vendor, it is well settled that as between himself and the corporation he acquires only an equitable title, and until he secures a transfer on the books of the company he is not a stockholder, and has no claim to act as such. (*N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 80; *Grymes* v. *Hone*, 49 N. Y. 17.)

We could not hold that this election was invalid by reason of Bennett's voting as he did, without holding that, as between him and Probert and the company, the transfer without being entered on its books was valid. This would be going further than the law, as we construe it, would justify us in going.

The conclusion at which we have arrived renders it unnecessary to consider the question raised by the appeal of the plaintiff and relators, Probert, Myer and Myer.

So much of the judgment as adjudges that defendants L. L. Robinson, E. N. Robinson, and Hale Rix are not entitled to the offices of trustees of the said corporation, and that they and every one of them be ousted and excluded from the said offices, and that they and each of them do not intermeddle with or concern themselves in or about the offices of trustees of the St. Lawrence Mining Company, or the liberties, privileges, and franchises thereunto belonging, but that they and each of them be forejudged absolutely and excluded from exercising or using the same, or any of them, for the future, is reversed; in other respects the judgment is affirmed.

MORRISON, C. J., ROSS, J., McKINSTRY, J., and McKEE, J., concurred.

MYRICK, J., concurring specially. — The court found that the stock voted by Bennett at the meeting of January, 1880, stood in his name, and that at such meeting no objection was made to his casting the votes of the stock so standing in his name. Under such circumstances I do not think the voting was void; nor that it vitiated the election. I therefore concur in the judgment.

Petition for a rehearing denied.