# HAWAIIAN COMMERCIAL AND SUGAR COMPANY vs. WAIKAPU SUGAR COMPANY.

In Equity.    Before Judd, C.J.

Decision Rendered October 11, 1893.

On the 16th of June, 1891, the defendant corporation filed a declaration in ejectment against the plaintiff corporation in this case, claiming that the plaintiff had unjustly and contrary to law and the rights of the defendant, taken possession of the "Waikapu Commons," property owned by these corporations in moities as tenants in common. The plaintiff filed a disclaimer to one-half of the property. This case never came to trial, having been ended upon a successful plea in abatement. On the 7th of September, 1891, the plaintiff filed its bill for partition of the above mentioned land.

The shares in the defendant corporation being held one-half by G. W. Macfarlane, and one-half by Claus Spreckels, as trustee for the plaintiff corporation, and it being impossible to obtain corporate action to defend this suit, Mr. Macfarlane applied for, and obtained leave, to appear and answer the suit in defense of his rights as an individual shareholder. On the 21st of September, 1893, a fianl decree was made by the Supreme Court, stating *inter alia*, that "either party may be at liberty to apply to the said Chief Justice for any further order in regard to the partition of the said land as they may be advised."

G. W. Macfarlane, on behalf of the defendant corporation, on the 4th of October, 1893, moved for the appointment of three commissioners to make equal partition of the land, etc. The plaintiff asked for further time, stating that opportunity should be afforded to enable the two corporations to ascer-

tain if any amicable division of the land could be arrived at, and that a meeting of the stockholders of the Waikapu Sugar Co. had been called to consider the question.

I declined to postpone consideration of the motion for commissioners in partition on the ground suggested, because it appeared to me that the deadlock in the Waikapu Sugar Co. would still continue, and no corporate action could be obtained, and also because, the final decree allowed either party to move on the matter of partition. The plaintiff not doing so, the defendant had the right to move, resulting from the leave obtained from the Court to defend the suit.

The plaintiff objects to the motion, on the ground that Mr. Macfarlane is not now a stockholder in the Waikapu Sugar Co.

It is shown by affidavit that there appears on the stock book of the Waikapu Sugar Co., a record of the transfer by G. W. Macfarlane of 1190 shares of the capital stock to Charles R. Bishop to secure a note and the transfer of said shares to Claus Spreckels and also a record of the transfer of sixty shares to Welch & Co. and that the stock book shows no other shares in the name of G. W. Macfarlane. And it is claimed in behalf of the plaintiff that the pledgor Macfarlane is not entitled to be considered a shareholder, nor would he have the right to vote the stock at a meeting of the corporation.

There is a distinction between a share owner and a share holder. A man may hold the certificate of shares and yet not be its owner. The question as to whether the pledgor or the pledgee of stock in a corporation is entitled to vote it is one of great difficulty, and text writers do not agree on the subject.

" In the absence of restrictive statutes the pledgee of certificates of stock endorsed and transferred on the books of the company has a right to vote at its meetings. His name appearing as stockholder upon the records of the corporation, he becomes for all purposes a stockholder."

Colebrook on Collateral Securities, 371.

"A pledgee of shares having had himself registered as holder thereof on the company's books is entitled to vote at corporate meetings."

2 Beach on Private Corporations, Sec. 642, D.

On the other hand:

"A pledgee has not the right to vote the pledged stock even though he has registered as a stockholder."

Cook on the Law of Stock and Shareholders, Sec. 468.

"The right to vote at the meetings of a corporation belongs only to its members or shareholders. It has been held that the vendor of shares and not the vendee is entitled to vote upon them until a transfer has been recorded upon the stock books, and the same privilege belongs to a pledgor or mortgagor unless a complete transfer was executed."

1 Morawetz, Sec. 483.

"The real owner of the stock should vote, especially where his name is truly expressed in the books, though it might be otherwise if he chose to have the entry in the name of another without expressing any trust."

Angell & Ames on Corp., 11th Ed., Sec. 131, quoting from ex parte Holmes, 5 Cowen, 426.

An early case is ex parte, Wilcox, 7 Cowen, 402. The Court there say:

"We do not hesitate to say that in a clear case of hypothecation the pledgor may vote; the possession may well continue with him consistently with the nature of the contract and the stock remain in his name. Till enforced and the title made absolute in the pledgee and the name changed on the books he should be received to vote."

I have endeavored to examine the authorities cited that are available on both sides of this question, to wit: *McDonald vs. Flower Brook Manfg. Co.*, 22 Vt., 275; *Hubbell vs. Drexel & Co.*, 11 Fed. Rep., 115; *Hoppin vs. Buffum*, 9 R. I., 513; *Adderly vs. Storm & Bailey*, 6 Hill., 624; *People vs. Robinson*, 64 Cal. 375, and I cannot find a single case where the naked question as between a pledgor and pledgee, the stock having been transferred as security and that fact entered on the

books of the company, both parties claiming the right to vote at a meeting of the corporation, has been decided.

In some cases where the pledgee has voted it would seem as if he had merely had the transfer made to him by endorsement of the certificate and having it noted on the books of the company and taken a new certificate in his name, the fact that it was done as pledgee not plainly appearing, and in some cases the pledgee has voted with the acquiescence of the pledgor.

I am not aware of a case where the entry on the stock book clearly shows that the transfer was merely as security and where the pledgee has voted against the protest of the pledgor was sustained by the Court. The officers of the corporation are not obliged to go behind the record and ascertain who are the equitable owners of stock, but the books are *prima facie* evidence as to who possesses the stock. If a pledgee has the stock absolutely transferred to him, there being nothing to indicate to the officers of the corporation that it was by way of security, I should say that he certainly could vote the stock. But under the contradiction of the authority I am of opinion that it is better to follow the acknowledged custom of this country, and hold that where the transfer plainly appears of record to be as security only, the pledgor may vote the stock. But I cannot see, if Mr. Macfarlane still has an equitable interest in 1250 shares of the Waikapu Sugar Co., that is one-half of the stock, how his right to proceed with the partition under the leave given is affected by the question of his right to vote the stock. The question before me is not whether at a meeting of the corporation he or his pledgee can legally vote the stock, it is simply whether in furtherance of his equitable interest in this corporation which is a right of redemption, he can proceed with the motion for a division of the land, one-half of which is owned by his company. I am sitting as a Court of Equity and must regard the equitable interest of Mr. Macfarlane. Moreover, it appears by the record in the suit of Claus Spreckels against Macfarlane on a bill of foreclosure,

that Macfarlane pledged this stock in question on the 31st of December, 1890, nearly a year before this bill for partition was filed, and a note of it having been made on the stock book of the company by its officers who are also officers in the plaintiff corporation, knowledge of the pledge was had by this company during all these proceedings and no objection has been heretofore made to Mr. Macfarlane's appearance as a stockholder of the Waikapu Sugar Company on the ground that he had pledged the stock. Independently therefore of his right to vote it, he has the right to proceed with the motion for partition in the suit.

For these reasons I overrule the objections and the parties may proceed to nominate commissioners in accordance with the motion.

*F. M. Hatch*, for plaintiff.

*A. S. Hartwell* and *C. L. Carter*, for defendant.