[Sac. No. 52.    Department One.—December 31, 1895.]

## VISALIA & TULARE RAILROAD COMPANY, RESPONDENT, *v.* R. E. HYDE, APPELLANT.

CORPORATIONS—ASSESSMENT FOR UNPAID SHARES — LIABILITY OF TRANSFEREE OF STOCK.—One who purchases unpaid stock in a corporation, and causes a transfer thereof to himself to be entered upon the books of the corporation, is substituted for the original subscriber of the stock as a stockholder of the corporation, and thereafter holds the stock on the same conditions and subject to the same obligations as the original stockholder prior to the transfer; and he is liable for an assessment upon the unpaid shares, of which liability he cannot divest himself by an assignment of the shares subsequent to the levy of the assessment.

ID.—LIABILITY FOR ASSESSMENT DETERMINED BY BOOKS.—For the purpose of ascertaining those who are liable to the corporation for the amount of an assessment, the corporation may look only to the list of stockholders as their names are registered upon its books.

ID.—DEFENSE TO ASSESSMENT—TIME OF INCURRING OF LIABILITY—SUFFICIENCY OF PROPERTY OF CORPORATION—DISCRETION OF DIRECTORS.—It is no defense to an action to recover the amount of an assessment that it is required to meet outstanding obligations which were contracted before the defendant became a stockholder, nor is it any defense that the corporation has sufficient property with which to meet its obligations; but the liability of the stockholder for the unpaid portion of a subscription rests upon the contract of subscription, and the propriety or necessity of requiring him to pay it, for the purpose of meeting the corporate liabilities, rather than to resort to property in the hands of the corporation to meet such liabilities, is in the discretion of the board of directors.

Appeal from a judgment of the Superior Court of Tulare County and from an order denying a new trial. Wheaton A. Gray, Judge.

The facts are stated in the opinion of the court.

*Lamberson & Middlecoff,* for Appellant.

As no contract of defendant to pay for the stock or to pay the indebtedness of Creighton is alleged, the cases in this state in which an original subscriber is held liable on express or implied contract are not in point. (*Jenkins* v. *Union Turnpike Co.,* 1 Caines Cas. 86; 2 L. C. ed. 724.) Where there is a right of forfeiture given, either by the act of incorporation or by the terms of the subscription, neither the subscriber to the stock nor the transferee is personally liable to the corporation for calls. (2 Beach on Private Corporations, sec. 588; *Fort Miller etc. Co.* v. *Payne,* 17 Barb. 577.) Creighton was a stockholder at the time the Healy claim accrued, and his personal liability attached at once, and was never terminated by the transfer of his stock. (*Welsh* v. *Bramlet,* 98 Cal. 223.) The liability of the stockholder is established by the fact of ownership of shares at the time the liability is incurred. (Angell and Ames on Corporations, sec. 549; *West* v. *Crawford,* 80 Cal. 19; *California etc. Co.* v. *Callender,* 94 Cal. 120; 28 Am. St. Rep. 99; *Kohler* v. *Agassiz,* 99 Cal. 9.)

*Hannah & Miller,* for Respondent.

A transfer of shares in a corporation means the substitution of a new shareholder in place of an outgoing shareholder in the company, and an assumption by the former of all the rights and obligations which attached to the transferring shareholder by reason of his ownership of the shares. This involves a novation of the contract of membership. (Morawetz on Private Corporations, secs. 145, 159-64, 170; Beach on Private Corporations, secs. 61, 125, 126, 705, 707; Cook on Stock and Stockholders, secs. 234-66.) The code provides two methods

for the enforcement of the liabilities of stockholders to the corporation for assessments. One by the sale of the stock, the other by a personal action. Such liability does not depend on an express promise to pay such assessment. (Civ. Code, sec. 349; *San Joaquin etc. Co.* v. *Beecher*, 101 Cal. 70; *Green* v. *Abietine Medical Co.*, 96 Cal. 322; *Gay* v. *Dare*, 103 Cal. 460; Spelling on Private Corporations, sec. 501; *Castellan* v. *Hobson*, L. R. 10 Eq. 47.) The liability of the shareholders to contribute the amount of their shares as capital is treated in equity as assets, like other legal claims belonging to the corporation. (Morawetz on Private Corporations, sec. 820; Cook on Stockholders, sec. 199; Beach on Corporations, sec. 116; *Harmon* v. *Page*, 62 Cal. 448; *Tatum* v. *Rosenthal*, 95 Cal. 129; 29 Am. St. Rep. 97; *Baines* v. *Babcock*, 95 Cal. 581; 29 Am. St. Rep. 158.) The necessity of the call is not open to question by the stockholders. The determination of that question is for the board of directors. (*Budd* v. *Multnomah Street Ry. Co.*, 15 Or. 413; 3 Am. St. Rep. 169; Morawetz on Private Corporations, sec. 150; Cook on Stocks and Stockholders, sec. 113.) Article XII, section 3, of the constitution was adopted, and section 322 of the Civil Code was passed to establish and limit the liability of stockholders to creditors of the corporation, and not to establish, fix, or limit the liability of stockholders to the corporation itself, or to each other. (*Baines* v. *Babcock, supra;* Morawetz on Private Corporations, sec. 869.) The liability of stockholders to creditors arises upon a contract which may be waived by the creditor. (Morawetz on Private Corporations, sec. 870–73; *Dennis* v. *Superior Court*, 91 Cal. 548; *Kennedy* v. *California Savings Bank*, 97 Cal. 93; 33 Am. St. Rep. 163; *Robinson* v. *Bidwell*, 22 Cal. 379; *French* v. *Teschemaker*, 24 Cal. 518.)

HARRISON, J.—The plaintiff is a corporation under the laws of this state, for the purpose of constructing and operating a railroad between the city of Visalia

and the town of Tulare, and was incorporated November 1, 1887, with a capital stock of one hundred thousand dollars, divided into one thousand shares of one hundred dollars each, all of which was subscribed for, and upon each share of which stock there had been paid into the corporation the sum of fifty dollars. On March 28, 1894, the directors of the corporation levied an assessment of ten dollars upon each share of the capital stock, and in the order levying the assessment fixed a day on which the stock would be delinquent, and also a day for the sale of the delinquent stock. After the day specified for declaring the stock delinquent, and before the sale, the board of directors, by an order in that behalf, elected to waive and abandon further proceedings for the collection of the assessment by a sale of the stock, and to proceed by action to recover the amount that should be delinquent. November 29, 1890, the defendant became the owner of one hundred shares of the capital stock which had been originally subscribed for by Thomas Creighton, and on that day a certificate for said one hundred shares of stock was issued to and received by him, and he was then registered on the books of the plaintiff as the owner thereof, and has since remained registered as such stockholder. The present action is brought to recover from him the amount of the assessment, by virtue of the provisions of section 349 of the Civil Code. The answer to the complaint does not question the regularity of the steps taken in levying the assessment, or in the election of the plaintiff to proceed by action to collect the same, or that the plaintiff was indebted in an amount greater than the amount of the assessment; but sets up as special defenses that, at the time the plaintiff incurred the liability for which he alleges the assessment was levied, he was not a stockholder; that prior to the commencement of the action he had sold, indorsed, and delivered the shares of stock to another person; and that at the time of levying the assessment the plaintiff had sufficient property with which to meet all of its obligations,

without levying an assessment therefor. The plaintiff had judgment and the defendant has appealed.

1. By purchasing the stock from Creighton, and causing a transfer thereof to himself to be entered upon the books of the plaintiff, the defendant was substituted for Creighton as a stockholder of the corporation, and thereafter held the shares on the same conditions, and subject to the same obligations, as did Creighton prior to the transfer. (Morawetz on Corporations, sec. 159; Cook on Stock and Stockholders, sec. 256; *Hall* v. *United States Ins. Co.*, 5 Gill, 484; *Hartford etc. R. R. Co.* v. *Boorman*, 12 Conn. 530; *Upton* v. *Hansbrough*, 3 Biss. 417; *Merrimac Min. Co.* v. *Bagley*, 14 Mich. 501.) In the case last cited the court say: "The very essence of a corporation consists in its corporate succession, which, in stock companies, is kept up by the substitution of one owner for another in the proprietorship of shares. If the original stockholders stand under different relations to the company from their assigns, the corporation itself loses some of its attributes by the substitution, or else becomes introduced into more complicated relations. It seems to be an unavoidable conclusion that every liability which attaches to a stockholder, as such, is inseparable from the ownership of the stock." And in *Hartford etc. R. R. Co.* v. *Boorman, supra,* it is said: "The reasons for subjecting the original subscribers to personal liability apply with equal force to those who become stockholders by purchase. The relation of stockholder and company exists. A privity between them is created."

The defendant did not divest himself of this liability by an assignment of the certificate to another subsequent to the levy of the assessment, especially as his assignee did not procure a transfer to himself upon the books of the corporation. For the purpose of ascertaining those who are liable to it for the amount of the assessment, the corporation can look only to the list of stockholders as their names are registered upon its books.

2. The liability of the defendant to the creditors of the corporation for his proportion of their claims against the corporation, and his liability to the corporation for the unpaid portion of his subscription, are entirely distinct, and rest upon different principles. The stockholder is liable to a creditor upon only such liabilities as were incurred during the time he has been a stockholder, but he is liable to the corporation for the unpaid portion of his subscription, whenever the corporation may choose to call it in; and, while the creditor may enforce his claim against the corporation, and seek its entire satisfaction out of the corporate property, he can recover from the stockholder only his proportionate part of the claim. The corporation is authorized to levy an assessment for the express purpose of providing a fund with which to meet its outstanding obligations, and it is no defense to the assessment that the defendant was not a stockholder at the time the obligation was contracted or the liability incurred. Nor is it any defense that the corporation has sufficient property with which to meet its obligations. The liability of the defendant rests upon his contract of subscription, and the propriety or necessity of requiring him to pay it for the purpose of meeting the corporate liabilities, rather than to resort to property in the hands of the corporation with which to meet such liabilities, has been placed in the discretion of the board of directors.

The judgment and order are affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.