[Civ. No. 116.   First Appellate District.—December 13, 1905.]

# PEOPLE'S HOME SAVINGS BANK, Respondent, v. J. J. RAUER, Appellant.

Corporations—Action upon Unpaid Subscription to Stock—Liability of Transferee—Pledge not Shown upon Books.—A corporation may maintain an action against a transferee of stock to recover the unpaid portion thereof, if his name appears upon its books merely as such transferee, without any indication of a pledge, though he in fact took the stock from the former owner by way of pledge as collateral security for money loaned by him to such former owner.

Id.—Action by Insolvent Bank—Order by Bank Commissioners to Levy Assessment—Power of Directors to Collect Assets.— An action by the directors of an insolvent bank to collect an unpaid subscription to its stock, after issuing a call therefor, is tenable, notwithstanding an order by the bank commissioners directing them to levy an assessment for the full amount of the unpaid capital stock. The board of directors of the bank may collect its assets, which include unpaid subscriptions to its stock, and the validity of its call does not rest upon the order for the assessment.

Id.—Purpose of Order—Acquiescence of Bank Commissioners.— The purpose of the order by the bank commissioners was to cause the collection of the unpaid portion of the capital stock; and if they chose to acquiesce in the method adopted by the trustees, no one else can complain.

Id.—Sufficiency of Notice of Call.—Where the resolution making the call for unpaid subscriptions did not provide when notice thereof should be served by mail, and it was duly published, and was served by mail long before any action was brought, such service was sufficient, though not mailed until the day when it was provided by the resolution of the trustees that proceedings might be brought to enforce payment.

Id.—Authority of Attorneys—Presumption—Delegation of Power to Attorney for Bank.—Even if the delegation of power to the attorney for the bank in the resolution for the "call," in case of default, to take such action as may be deemed necessary to enforce the collection of the amount due from each stockholder, was void, yet it must be presumed that the particular attorneys bringing the suit were duly authorized to bring it.

Id.—Insufficiency of Findings to Support Judgment—Reversal upon Appeal for New Trial Order.—Upon an appeal from an order denying a new trial, there being no appeal from the judgment, the point cannot be raised that the findings show that the transfer

of stock was made after the corporation went into insolvency, and was void, and that the findings, therefore, do not support the judgment. Such point could only be raised upon appeal from the judgment.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Fisher Ames, for Appellant.

Stratton & Kaufman, for Respondent.

HALL, J.—This is an action to recover the unpaid portion of the subscription price of stock in the plaintiff corporation. Plaintiff recovered judgment, in the trial court, and this appeal is from the order denying defendant's motion for a new trial, and comes here upon a statement of the case and the judgment-roll.

It appears by the statement that plaintiff was a savings and loan corporation from the year 1888 to the twentieth day of January, 1895, when it went into liquidation, in accordance with the provisions of the act entitled: "An Act creating a Board of Bank Commissioners, and prescribing their duties and powers." (Stats. 1895, p. 172, c. 167.) On the third day of January, 1895, two certificates aggregating twenty-four shares of the capital stock of the corporation were surrendered, and twenty-four shares were issued to defendant in his name and receipted for by him, and his name was entered in the stock transfer book, stock journal, and stock ledger. The receipt signed by Rauer was on the stub from which the certificate was detached, which showed that the stock was one-third paid up, and the receipt recited that the certificate was received subject to the articles of incorporation and by-laws of the company. As a matter of fact, however, Rauer took the stock as collateral security for money loaned to one of the former owners thereof, but this does not in any way appear upon the books of the corporation. The plaintiff was insolvent, and the entire amount of the unpaid portion of the subscription price of its stock was not sufficient to pay

its liabilities.    On August 28, 1895, the bank commissioners, by resolution, ordered the board of directors to levy an assessment for the full amount of the unpaid capital stock, but, instead of levying such assessment, the board of directors issued a call for the unpaid portion of capital stock.    This call was duly published, and notice given by mail to each stockholder.

Appellant discusses the case in his brief as though it were an action to enforce a stockholder's statutory liability under section 322 of the Civil Code, which it is not, and the cases cited under this head have no application to the case at bar. This is a suit by the corporation to recover, under a call, the unpaid portion of the subscription price of its stock. Such a suit may be maintained by the corporation against either the original shareholder or his transferee.    (*People's Home Sav. Bank* v. *Sadler*, 1 Cal. App. 189, [81 Pac. 1029].) It is urged, however, that this suit will not lie because defendant in fact held the stock as collateral security only, and again, defendant relies on section 322 of the Civil Code, quoting that portion of the section which says: "Stock held as collateral security or by a trustee, or in any other representative capacity, does not make the holder thereof a stockholder," but omitting the words which immediately follow in the same sentence, to wit, "within the meaning of this section." An examination of this section discloses that it deals entirely with the statutory liability of stockholders for their proportion of the corporate debts, and has nothing to do with their liability for the unpaid portion of the capital stock.    The true rule as to the liability of stockholders for the unpaid portion of its capital stock is laid down in *Baines* v. *Babcock*, 95 Cal. 581, [29 Am. St. Rep. 158, 27 Pac. 674, 30 Pac. 776], where it is said: "It seems to be well settled that one to whom stock is issued by the corporation, and who has the same placed in his name on the corporation books as the owner, is liable to the creditors of the corporation as though he were the absolute owner, and this whether he was in fact a pledgee, agent, or trustee for the real owner."    To the same effect see *Bank* v. *Case*, 99 U. S. 631; Cook on Stockholders, secs. 247-253; Thompson on Stockholders, sec. 223; *Thompson* v. *Bank*, 19 Nev. 103, [7 Pac. 68], and note to same case in 3 Am. St. Rep. 865; *Herrick* v. *Wardwell*, 58 Ohio St. 294. 50 N. E. 903;

*Cutting* v. *Damerel*, 23 Hun, 339; and *Pauly* v. *State Loan etc.
Co.*, 165 U. S. 606, [17 Sup. Ct. 465], although in this latter
case it was held that, where the certificate on its face showed
that the holder was a pledgee, he could not be held under
a provision of the United States Revised Statutes in relation
to national banks. This last case, however, completely sus-
tains the rule that one who appears on the books to be the
owner of the stock is liable, though he may in fact be a pledgee
or trustee only as between himself and the real owner.

It is also insisted that the action of the board of directors
in issuing a "call" for the unpaid portion of the capital stock
was void, because the bank commissioners directed an "assess-
ment" to be levied by them under section 332 of the Civil
Code. It seems to be the theory of appellant that the board
of directors, acting as trustees in liquidation, under the pro-
visions of the "Act creating a Board of Bank Commissioners,
etc.," could only do such acts as they are expressly directed
to do by the bank commissioners. We do not so read the
law. Under the provisions of the act referred to (Stats. 1895,
p. 175, c. 167), upon a bank being ordered *into* involuntary
liquidation the board of directors become trustees for the
creditors and all persons in interest. (*Argues* v. *Union Sav.
Bank of San Jose,* 133 Cal. 139, [65 Pac. 307]; *Bank of Na-
tional City* v. *Johnston,* 133 Cal. 185, [65 Pac. 383].)  As such
their most important duty is to promptly take steps to collect
the debts due the bank, and to realize upon its assets, to the
end that the creditors shall be paid and the affairs of the
insolvent concern wound up without unnecessary delay. The
unpaid portion of the capital stock of a corporation consti-
tutes an important part of its assets, and is a fund to which
creditors may look for the payment of their claims. While
the act creating the board of bank commissioners gives such
board a general power of direction and visitation over the
board of directors acting as trustees in liquidation, the board
of directors is the body that in fact must collect the assets and
pay the debts of the bank. Thus the act, after providing for
the removal and election of directors in certain cases, pro-
vides that: "Subject to this right of removal and appointment
the directors or trustees of all banking corporations in liqui-
dation shall be permitted to continue the management of the
affairs of such corporation during the process of liquidation,

under the direction of the bank commissioners, as hereinafter provided.'' The subsequent provisions of the act clearly indicate that the trustees may proceed with the liquidation, doing all acts necessary of their own motion, but subject to control by the board of bank commissioners; the power given to the bank commissioners evidently being to insure a speedy and economical settlement of the affairs of the bank. The directors as trustees surely may convert the assets of the bank into cash without waiting for a specific direction as to each asset. No different rule applies to the unpaid portion of the capital stock. Under this view of the powers of the trustees, there was no necessity for any direct authorization from the bank commissioners to enable the trustees to proceed to collect the unpaid portion of the capital. stock. The pleader in this case might have omitted any allegation as to the order by the bank commissioners to levy an assessment. The validity of the call does not rest upon the order for the assessment. The purpose of the order by the bank commissioners was to cause the collection of the unpaid portion of the capital stock. If they chose to acquiesce in the method adopted by the trustees, no one else can complain.

It is also objected that the notice mailed to the stockholders was not mailed until the day upon which it was provided by the resolution of the trustees that proceedings might be brought to enforce payment. The notice was, however, duly published, and was served by mail long before any action was brought. The resolution did not provide when notice should be served by mail. And in this respect, the notice, being given long before suit was brought, was sufficient. (2 Beach on Corporations, sec. 57.)

It is also urged that the board of directors exceeded their powers, in this, that in the resolution for the ''call'' it was provided that on default in payment the attorney for the bank was authorized to take such action as may be by him deemed necessary to enforce the collection of the amount due from each stockholder. It is sufficient answer to this to say that this suit was brought by duly licensed attorneys. We must presume, in the absence of a showing to the contrary, that they were duly authorized to bring this suit. If, as contended for, the authorization in the resolution was void as being a delegation of power by the trustees, the board may

have subsequently directed this particular suit to be brought by these particular attorneys.

It is also urged that the transfer of stock to defendant is void, and therefore he is not a stockholder, for the reason that the transfer was made while the bank was in liquidation. Upon this point there seems to be some confusion in the record, but the settled statement on the motion for new trial shows that the bank went into liquidation January 20, 1895, while the stock was transferred to defendant January 3, 1895. Taking the statement as correct—and we are bound by it, we think, in considering an appeal from an order denying a motion for a new trial—the question presented by appellant does not arise on the record.

The order is affirmed.

Harrison, P. J., and Cooper, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 10, 1906, and the following opinion was then rendered:

HALL, J.—Appellant, in his petition for a rehearing, asks us to determine a point not passed on in the opinion heretofore filed in this case, viz., as to the validity of a transfer of stock made after the banking corporation went into insolvency. The findings of the court show that the corporation went into insolvency May 1, 1894, and that the transfer of stock took place January 3, 1895. Appellant contends that under these facts the transfer of stock was void. If he be correct in this latter contention, defendant did not in any sense become a stockholder of the corporation plaintiff, and the result is that the findings in this case do not support the judgment. Indeed, in appellant's petition for a rehearing he so contends. We quote his language: "He [appellant] in effect contends that the judgment is not sustained by the findings. Surely a statement on motion for a new trial cannot be made to take the place of the court's findings for the purpose of sustaining the judgment that is otherwise unsupported by the findings" In thus stating his contention counsel has overlooked the rule that on an appeal from an order denying a motion for a new trial the point that the findings do not support the judgment

cannot be considered. Such a point must be presented by an appeal from the judgment. This is the rule laid down in *Thompson* v. *Los Angeles Co.*, 125 Cal. 270, [57 Pac. 1015], cited by appellant, and in *Re Westerfield;* 96 Cal. 113, [30 Pac. 1104] , *Wheeler* v. *Bolton*, 92 Cal. 159, [28 Pac. 558] , *Brison* v. *Brison*, 90 Cal. 323, [27 Pac. 186], and other cases. The appeal in this case is from an order denying the motion for a new trial, and is not an appeal from the judgment.

Petition for rehearing is denied.

Harrison, P. J., and Cooper, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 8, 1906.