[S. F. No. 3453.    Department Two.—December 3, 1906.]

## PEOPLE'S HOME SAVINGS BANK, Appellant, v. ANNA STADTMULLER, Respondent.

CORPORATIONS—SUBSCRIPTIONS TO STOCK—LIABILITY LIMITED TO REGISTERED OWNER.—The registered owner of the stock of a corporation is alone liable to the corporation for assessments or calls for payment of subscription, until a transferee thereof causes the transfer to be entered upon the books of the corporation or deals with the corporation as a substituted stockholder and is accepted by the corporation as such.

ID.—ACTION BY INSOLVENT BANK—CALLS FOR UNPAID SUBSCRIPTIONS—DISTRIBUTEE OF STOCK NOT LIABLE.—An action by an insolvent savings bank, which has called in all unpaid subscriptions to its stock, cannot be maintained against a distributee of stock whose name is not upon its books and who has done no act to establish privity with the corporation, it appearing that the stock still stands upon the books in the name of the decedent personally.

ID.—PLEADING—OWNERSHIP OF STOCK—CONCLUSION—UNCERTAINTY.—An averment by plaintiff that defendant became and is the owner and holder of the stock, which is a mere conclusion from the facts specifically alleged as to the distribution of the stock to her, and that she "accepted" the certificate and retained the same, does not, as against a general demurrer and a special demurrer for uncertainty and ambiguity, show that defendant made herself liable for the unpaid portion of the subscription made by the decedent. [*Per* Beatty, C. J., on petition for rehearing.]

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

F. S. Stratton, and Stratton & Kaufman, for Appellant.

T. C. Coogan, for Respondent.

HENSHAW, J.—This is an appeal from a judgment given after demurrer sustained to the fourth amended complaint of plaintiff. The complaint charged that one F. D. Stadtmuller subscribed for and received from plaintiff one hundred shares of its capital stock, of the par value of one

hundred dollars each, and that he continued to be the owner of this stock until the defendant in turn became the owner thereof; that Stadtmuller had paid in thirty-three and one-third dollars per share upon his stock, and was liable to the plaintiff for the sum of sixty-six and two-thirds dollars on each share whenever such unpaid portion should be called in and demand made therefor. The death of Stadtmuller and the proceedings in the administration of his estate are set forth, and it is averred that by these proceedings "the said one hundred shares of the capital stock of the plaintiff were duly distributed unto the said defendant. . . . And that said defendant accepted said certificate, and ever since has and still and now does retain the same. Plaintiff alleges that ever since said 28th day of December, 1,894, the defendant has been and still and now is the owner and holder of said hundred shares of said plaintiff's capital stock." It is then alleged that twelve days after the distribution to defendant —upon January 12, 1895—plaintiff became insolvent, and ever since that date has been insolvent, and that on the thirtieth day of September, 1895, "and after said defendant had accepted and received and became the owner of said certificate and said shares represented thereby as aforesaid," plaintiff duly called in all of its unpaid capital stock. Defendant has refused to pay sixty-six and two-thirds dollars on each of the shares so held by her, and judgment is prayed against her for that amount. It is admitted that no claim was ever presented against the estate of F. D. Stadtmuller upon this contingent liability, and it is also admitted that this defendant did not cause the stock to be transferred to her name upon the books of the corporation, nor do any act equivalent thereto, and that she does not appear as a stockholder upon the books of the company. It is contended, however, by the appellant, that the acceptance, as owner, of the stock under the circumstances alleged in the complaint is sufficient to establish a privity between herself and the corporation so that she becomes a stockholder thereof subject to all the rights, duties, and liabilities of such stockholder.

Respondent, in support of the judgment, contends that as no claim was presented upon this contingent liability against the estate of Stadtmuller, this liability was barred forever (Code Civ. Proc., secs. 1493, 1500; *Verdier* v. *Roach*, 96 Cal.

467, [31 Pac. 554]), and that the distributee thus took the stock with the right of the corporation to call in the unpaid purchase price, likewise barred forever. Otherwise, it must be said that by force of the decree of distribution, which does no more than to designate the persons to whom the title of the estate belongs, and to stand for all the world as a muniment of such title, a liability was created against the distributee which had been forever barred against the estate.

Interesting as a consideration of this question would prove, its determination becomes unnecessary, because the second proposition which respondent urges and argues is conclusive in favor of the judgment. That proposition is that upon the face of the complaint the defendant is not a stockholder within the meaning of the law which renders a stockholder liable for the unpaid balance of the subscription price of stock.

Section 324 of the Civil Code, with other matters, declares that shares of stock, except as thereinafter provided, are personal property and may be transferred by indorsement by the signature of the proprietor, his agent, attorney, or legal representative, and the delivery of the certificate, but such transfer is not valid except as to the parties thereto, until the same is so entered upon the books of the corporation as to show the names of the parties, by whom and to whom transferred, the number of certificate, the number or designation of the shares, and the date of transfer. In *People* v. *Robinson,* 64 Cal. 373, [1 Pac. 156], this court, in construing the statute of 1853, which was identical as to the language under consideration with that of section 324 of the Civil Code, declared that this clause meant that a transfer of stock, until entered upon the books of the company, conferred on the transferee no rights as between himself and the company, no rights beyond that of having such transfer properly entered, and that whatever right the purchaser of a certificate of stock might acquire as between himself and his vendor "it is well settled that, as between himself and the corporation, he acquires only an equitable title, and until he secures a transfer on the books of the company he is not a stockholder, and has no claim to act as such." As to a corporation organized under the code provision as it now stands, this court said in *Visalia Railroad Co.* v. *Hyde,* 110 Cal. 632, [52 Am. St. Rep. 136, 43 Pac. 10] : "For the purpose of ascertaining those who are

liable to it for the amount of the assessment, the corporation can look only to the list of stockholders as their names are registered upon its books." And, indeed, the rule is universal in states whose laws contain a provision such as that of ours embodied in section 324 of the Civil Code, that the registered owner of stock is alone liable to the corporation until the transferee causes the transfer to be entered upon the books of the corporation, or in some other way equivalent in the eye of the law, establishes the relationship of stockholder between himself and the company, and is thus accepted by the company as a substituted stockholder for the original holder. It is true, of course, that as between the transferrer and the transferee, the transferrer, who has been made to pay a call or an assessment upon the stock, has a right of recovery over against his transferee. But the corporation must proceed against the transferrer, because he stands upon its books as a stockholder, and has no right of action against the transferee, because, as between him and the corporation, the contractual relation of stockholder has not been created. Thus says Cook on Corporations (4th ed., sec. 258): "Until a transfer is recorded in the transfer-book of the corporation, the transferee, not being duly recognized as a stockholder, is not chargeable either with corporate debts or unpaid balances of the subscription. He is bound to protect and indemnify his transferrer, but he is not liable to the corporation or corporate creditors or other stockholders." (See, also, Clark & Marshall on Private Corporations, sec. 588; Beach on Private Corporations, sec. 130; *Bates* v. *Babcock*, 95 Cal. 479, [29 Am. St. Rep. 133, 30 Pac. 605].) Of course, the cases are numerous which hold that the provisions in the by-laws of a corporation as to the forms and procedure for effecting a transfer are provisions for the benefit of the corporation, so that errors or irregularities in complying with such forms and procedures will not avail a person in his attempt to deny his stockholder's liability. Likewise the cases are numerous where a party has been refused a hearing in his denial that he was a stockholder upon the familiar grounds of equitable estoppel, as where he has accepted and receipted for dividends, has voted at stockholders' meetings, or in various other ways has exercised a stockholder's privileges. None of these cases, however, goes to the proposition that where the law requires a transfer of stock before the relationship of corporation and

stockholder exists, that such relationship may be forced on one who has done no act to establish such privity. The mere fact that the distributee or legatee of an estate takes the paper certificate, and does nothing more, cannot be said to be a substantial compliance with the provisions of section 324 of our Civil Code. For, if so, those provisions are absolutely meaningless and every unrecorded transfer of stock establishes against the transferee the relation of stockholder.

Of course, the right of the corporation to proceed and sell the stock in case of delinquency is an entirely separate and distinct right, and one not here under consideration. This action deals entirely with the personal liability of the defendant because of her ownership of the stock under the circumstances above set forth. As to this we have seen that no such liability exists, and the judgment appealed from is therefore affirmed.

McFarland, J., and Lorigan, J., concurred.

A rehearing in Bank was denied December 28, 1906, upon which the following opinion was rendered by Beatty, C. J.:—

BEATTY, C. J.—Counsel for appellant in their petition for rehearing urge very strongly the argument that as the complaint contains an allegation ''that ever since the 28th of December, 1894, the defendant became and now is the owner and holder of said 100 shares of said plaintiff's capital stock,'' the fact so alleged is confessed by the demurrer, and therefore establishes defendant's liability. But this allegation is merely a conclusion of the pleader from the facts specifically alleged,—viz. that the stock was distributed to the defendant (sixteen days prior to the confessed insolvency of the plaintiff), and that she ''accepted'' it. It is like an allegation of ownership of the demanded premises in ejectment coupled with an attempted deraignment of title which shows that the title is defective. Here the demurrer is special on the ground of uncertainty and ambiguity, in that it cannot be determined what is meant by ''accepted,''—which may mean no more than that the defendant received the certificate of stock from the executor and retained it in her possession. In such a case I am satisfied she did not make herself personally liable for the unpaid portion of the subscription price of stock.