[Civ. No. 5155.  First Appellate District, Division One.—May 13, 1926.]

## BERKELEY HILLSIDE PROPERTIES COMPANY (a Corporation), Appellant, v. ELIZABETH FINLEY KELLY, Respondent.

[1] CORPORATIONS—LIABILITY FOR ASSESSMENT—STOCKHOLDERS—REGISTRATION ON BOOKS.—Only those who have entered into a contractual relationship with a corporation are personally liable under an assessment; and such relationship and the liability incident thereto are limited and confined to those who are registered on the books of the corporation as stockholders.

[2] ID.—CONTRACT—CONSENT.—The relation between stockholder and corporation is one of contract, and can arise only when a party has consented to become a stockholder, and it exists only when the party has either expressly consented to such relation or his conduct has been such that in law his consent will be implied.

[3] ID.—INTENT—ACCEPTANCE—NOVATION—TRANSFER ON BOOKS.—To establish the relation of stockholder and corporation it must appear that the minds of the parties have met, that the one to whom the stock was issued agrees to be and become a stockholder in the corporation, with the privileges and responsibilities of that relation, and that the corporation accepts him as such; and, therefore, a transfer on the books of the corporation is essential to a novation of the contract of membership under section 324 of the Civil Code.

[4] ID.—ASSESSMENT—LEGATEE UNDER WILL—PERSONAL LIABILITY.—The mere fact that the sole legatee under a will has distributed to her certain stock owned by and standing of record in the name of the testator, and that she receipts for and retains the same, but does not do anything further with the certificate, does not con-

---

1.  See 6 Cal. Jur. 961.
2.  See 6 Cal. Jur. 829; 7 R. C. L. 298.
3.  See 6 Cal. Jur. 829.

stitute her a stockholder, so as to entitle the corporation to maintain an action against her personally for the recovery of an assessment upon said stock.

(1) 14 C. J., p. 782, n. 93, p. 839, n. 82.  (2) 14 C. J., p. 843, n. 63.  (3) 14 C. J., p. 507, n. 29, p. 510, n. 67.  (4) 14 C. J., p. 781, n. 90.

APPEAL from a judgment of the Superior Court of Alameda County. Joseph S. Koford, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. M. F. Soto for Appellant.

Harrison S. Robinson, Harry L. Price and R. W. Macdonald for Respondent.

TYLER, P. J.—This action was brought under the provisions of section 349 of the Civil Code to collect by personal judgment the amount of a stock assessment.

The complaint alleges that the certificate was made out in the name of A. S. Kelly, and was fully paid for, though never delivered to him; that Kelly died and after his death the stock came into the hands of his executor; that Elizabeth F. Kelly was the sole devisee and legatee of the estate of A. S. Kelly and upon distribution thereof the executor of the estate delivered to her and she signed a receipt for all the property so distributed, including the stock in question; that at all times since said distribution defendant has been and still is the owner and holder thereof; that she has never demanded transfer of the certificate on the books of the corporation and the stock still stands of record in the name of the original owner A. S. Kelly. The complaint proceeding then recites that on March 16, 1922, and about two years after defendant acquired the stock in the manner mentioned, plaintiff corporation was and for more than six months prior thereto has been indebted in a certain sum and was on said day unable to pay its said indebtedness, or any portion thereof, in the ordinary course of business, for which reason it levied an assessment of ten dollars per share on each of the shares of its capital stock. The complaint contains recitals of the steps taken under the statute relating to

the levy, and the election by the plaintiff to proceed by suit rather than by sale of the stock to collect the amount. No question is raised as to the regularity of the proceedings leading up to the assessment.

A demurrer was interposed to the complaint on the ground that it did not state a cause of action. The trial court sustained the demurrer upon the theory that as the stock had never been transferred to defendant she could not become liable on a personal judgment for the amount of the assessment. We are of the opinion that the demurrer was properly sustained.

[1] Only those who have entered into a contractual relationship with a corporation are personally liable under an assessment. Such relationship and the liability incident thereto are limited and confined to those who are registered on the books of the corporation as stockholders. [2] The relation between stockholders and corporation is one of contract, and can arise only when a party has consented to become a stockholder. (*Welsh* v. *Gillelen,* 147 Cal. 571 [82 Pac. 248]; *Shattuck* v. *Gillelen,* 154 Cal. 778 [99 Pac. 348]; *California National Supply Co.* v. *O'Brien,* 51 Cal. App. 606 [197 Pac. 414].) It exists only when the party has either expressly consented to such relation or his conduct has been such that in law his consent will be implied.

[3] In *California National Supply Co.* v. *O'Brien, supra,* it is held that to establish the relation it must appear that the minds of the parties have met; that the one to whom the stock was issued agrees to be and become a stockholder in the corporation, with the privileges and responsibilities of that relation, and that the corporation accepts him as such.

A transfer on the books, therefore, is essential to a novation of the contract of membership under section 324 of the Civil Code. (*Visalia R. R. Co.* v. *Hyde,* 110 Cal. 632 [52 Am. St. Rep. 136, 43 Pac. 10]; *People's Home Sav. Bank* v. *Stadtmuller,* 150 Cal. 106 [88 Pac. 280]; *Geary St. etc. R. R. Co.* v. *Bradbury Estate Co.,* 179 Cal. 46 [175 Pac. 457]; Morawetz on Private Corporations, secs. 44, 163, 170.)

[4] The mere fact that the defendant had the stock distributed to her as sole legatee under the will, and receipted for and retained the same did not, as claimed, constitute her a stockholder. The precise question has been passed upon by our supreme court. In *People's Home Sav.*

*Bank* v. *Stadtmuller, supra,* it was alleged that the testator of the defendant had become a subscriber to a portion of the capital stock of the plaintiff corporation; that he had subsequently died and the stock had been distributed to defendant who had, as here, accepted and receipted for the certificate, though she never had caused the same to be transferred to her name upon the books of the corporation. It was contended there, as here, that the acceptance of the stock under the circumstances alleged was sufficient to establish a privity between herself and the corporation so that she became a stockholder subject to all the rights, duties and liabilities as such. This contention was rejected by the court and it upheld the judgment based on a general demurrer to the complaint upon the same theory as the trial judge in the instant case. It was there held that under the provisions of section 324 of the Civil Code a transferee is not a stockholder as between himself and the corporation until he secures a transfer on the books of the company; that up to that time, as between himself and the corporation, he acquires only an equitable title in the stock but does not become a stockholder. (See, also, *People* v. *Robinson,* 64 Cal. 373 [1 Pac. 156].) It was further held that such a relation cannot be forced on one who has done no act to establish such privity; and the mere fact that a distributee or legatee of an estate takes the paper certificate and does nothing more cannot be said to be a compliance with section 324 of the code. This doctrine was reaffirmed and followed in the later case of *Geary St. etc. R. R. Co.* v. *Bradbury Estate Co., supra.*

We are cited by appellant to California cases which he claims holds a contrary doctrine. We do not consider a review of the authorities to be necessary, as they all deal with the question of a stockholder's liability. The liability of an unregistered transferee of stock to creditors of the corporation under section 322 of the Civil Code, and the liability to the corporation itself under section 349 of the same code, is entirely distinct and rests upon different principles. This distinction is pointed out in *Visalia R. R. Co.* v. *Hyde, supra.* Section 322 of the Civil Code deals exclusively with the statutory liability of stockholders for their proportion of the corporate debts and has nothing to do with an action by the corporation against its stockholders for the recovery

of an assessment upon stock held by them. (*People's Home Sav. Bank* v. *Rauer*, 2 Cal. App. 445 [84 Pac. 329]; *Union Sav. Bank* v. *Willard*, 4 Cal. App. 690 [88 Pac. 1098].)

Defendant never having entered into any contractual relation with the corporation, it has no cause of action against her to enforce a personal liability for an unpaid assessment. The right of the corporation to proceed and sell the stock is an entirely separate and distinct right and is not here involved.

Judgment affirmed.

Knight, J., and Cashin, J., concurred.