[Civ. No. 7730. Second Appellate District, Division Two.—May 15, 1933.]

PRUDENTIAL PETROLEUM COMPANY (a Corporation), Appellant, v. CARRIE A. PECK et al., Respondents.

Samuel W. Newman and Eugene D. Williams for Appellant.

Barker & Keithly and Barker, Smiley & Keithly for Respondents.

ARCHBALD, J., *pro tem.*—A demurrer to plaintiff's third amended complaint for the recovery of an unpaid stock subscription was sustained without leave to amend, and plaintiff has appealed from the judgment of dismissal thereafter entered.

The complaint contains two counts, the first of which, after alleging the corporate capacity of plaintiff, avers in substance that one Arthur R. Peck died on or about the 18th of September, 1927, leaving an estate in Los Angeles County, and leaving as his sole residuary legatees and devisees the defendants, "who heretofore have been duly and regularly appointed executors of the estate of said Arthur R. Peck, deceased, and *are now the duly appointed, qualified and acting executors of said estate*" (italics ours); "that all interest of said Arthur R. Peck, deceased, in and to the stock and subscription agreement hereinafter mentioned is part of his residuary estate, and by the terms of his will passed to and is now the property of the defendants

in equal shares"; that said Arthur R. Peck, on or about March 19, 1920, agreed in writing to pay for and receive 333,333 shares of the capital stock of plaintiff corporation at one dollar per share, and that 252,210 shares were issued to him or his order, for which payment was made; that 81,123 shares of said stock so subscribed for "remain unissued and unpaid for", and "that said subscription agreement and all rights thereunder are a part of the residuary estate of said Arthur R. Peck, deceased"; that from the date of said subscription agreement to the time of his death said Peck voted said 81,123 shares of subscribed stock, was a member of the board of directors of plaintiff corporation and acted as president of plaintiff corporation, and at all times "acknowledged his liability to receive and pay for said 81,123 shares of the capital stock of the plaintiff if, as and when called for". The foregoing is the substance of the allegations contained in the first four paragraphs of the first cause of action. Paragraph V alleges "that from and after the death of said Arthur R. Peck the defendants herein, both individually and as executors of the estate of said Arthur R. Peck, deceased, having succeeded to all of the rights and ownership of said Arthur R. Peck, deceased, in and to said subscription agreement and said subscribed stock, and well knowing that said stock had not been paid for, have exercised acts of ownership of said 81,123 shares of such subscribed stock, have voted and caused the same to be voted at stockholders' meetings, and have issued proxies to permit" said shares to be voted, and by reason thereof "are and in good conscience ought to be estopped to deny their ownership of said stock and any and all liability existing as against them in favor of said corporation and said other stockholders by reason of such ownership; and said defendants are now and at the times hereinafter mentioned were the owners of all of the subscribers' rights in and to said stock and said subscription agreement, and they and each of them assumed and agreed to pay any and all sums due and to become due thereon by reason of any and all liability for the unpaid purchase price of said stock and the whole thereof". Such paragraph further alleges that the stock above mentioned was the only stock held, owned or voted by defendants or either of them at any time mentioned in the complaint.

Paragraphs VI, VII and VIII of said first cause of action allege in effect that on or about May 24, 1929, the board of directors of plaintiff corporation adopted a resolution calling for payment of the unpaid subscription price of one dollar per share for said 81,123 shares, and levied an assessment of that amount for the purpose of procuring payment of said subscription; that said assessment was made payable immediately to the treasurer of plaintiff at the office of the corporation, and declared that any stock upon which the assessment was not paid by June 29, 1929, would be delinquent and sold on a date named for the purpose of paying such assessment, cost of advertising and expenses of sale; that the secretary of the corporation was directed to give notice "as required by statutes of the state" of said assessment, etc., and "that said notice was duly given to the defendants, but no part of said assessment was paid on or before June 29, 1929, or at all"; that thereafter, and prior to the date fixed for the sale, the board of directors by resolution elected to waive further proceedings by sale and to proceed by action to collect said assessment.

The second cause of action adopts all paragraphs of the first cause of action except paragraph V, and in addition alleges that after the execution of said subscription agreement of March 19, 1920, and prior to the assessment proceedings alleged, "defendants and each of them became the owners" of all the rights of said decedent in and to said subscription agreement and said 81,123 shares of stock, "and each of said defendants assumed and agreed to pay the whole of the purchase price thereof", viz., the sum of $81,123, "if, as and when demand should thereafter be made therefor".

Defendants demurred to the complaint and each cause of action thereof generally and also specially, on the grounds of uncertainty, ambiguity and unintelligibility on certain stated grounds. The minute order sustaining the demurrer is general and does not indicate upon which of the grounds the court acted.

Appellant contends that respondents are stockholders because of the admitted fact that they voted the unissued and unpaid for stock represented by the subscription of decedent, having succeeded to the latter's rights under such subscription and thereby evidenced their consent to

be stockholders, and that from such facts the law implies the assumption of the unpaid purchase price.

■ Under the allegations of the amended complaint defendants are not only the residuary legatees and the individuals in whom the title to the residuary estate vested on the death of decedent, which includes all rights under such subscription agreement, but they are also the duly appointed and acting executors of the last will and testament of decedent, and as such executors are entitled to the possession of such residuary estate during administration. (Secs. 1452, 1581, Code Civ. Proc., in effect at time complaint filed; sec. 581, Probate Code.) We fail to see how, as such executors, with the right to possession and their duties under it fixed by law, any consent or estoppel could be implied from their mistakenly voting stock of which they were not the real owners. ■ As individuals, so far as the complaint shows, while the title was vested in them as such residuary legatees on the death of decedent, they may never become the owners in fact. The complaint is silent as to other terms of the will or the financial condition of the estate. If decedent left debts and did not expressly appropriate property by his will for their payment, or for payment of expenses of administration or family allowances, if any, the property of the residuary legatees and devisees must first be resorted to for such payment, the will having disposed of all of decedent's estate. (Sec. 1563, Code Civ. Proc.; sec. 750, Probate Code.) If it is necessary to resort to the property of the estate to pay legacies for which no property is expressly appropriated, the residuary estate must likewise be first taken. (Sec. 1360, Civil Code; sec. 751, Probate Code.) It will be seen at a glance, then, that the allegations of the complaint come far short of supporting the averment that "said defendants are now and at all times hereinafter mentioned were the owners of all of the subscriber's rights in and to said stock and said subscription agreement"; and in the face of the detailed allegation of the facts purporting to show how title was acquired, the allegation of ownership is merely a conclusion of law, erroneously drawn therefrom. (*Gruwell* v. *Seybolt*, 82 Cal. 7 [22 Pac. 938].)

■ Not alleging that a decree has been made distributing the subscription rights under said subscription agree-

ment and showing that the estate is still in process of administration, there would seem to be a fatal defect in the amended complaint as against the general demurrer, as on the face of the pleading the stock in question may never be distributed to respondents. (*Meilink* v. *Gianelli,* 100 Cal. App. 615 [280 Pac. 561].)

Nor does the fact that the executors and residuary legatees are the same individuals merge in them as individuals all rights under such subscription agreement. Their rights and duties as executors are fixed by law—that of possession during course of administration. Their rights as individuals will be determined under the will when administration is completed.

It is doubtful, too, if under section 324 of the Civil Code, as in force at the time the alleged acts of consent or estoppel occurred, such acts could be construed to make respondents stockholders, even assuming that certificates of stock instead of merely rights under a subscription agreement had been involved. "For the purpose of ascertaining those who are liable to it for the amount of the assessment, the corporation can look only to the list of stockholders as their names are registered upon its books." (*Visalia etc. R. R. Co.* v. *Hyde,* 110 Cal. 632, 636 [43 Pac. 10, 11, 52 Am. St. Rep. 136]. See, also, *Berkeley Hillside Properties Co.* v. *Kelly,* 78 Cal. App. 29 [247 Pac. 600].)

One of the grounds of special demurrer raises the same question we have discussed. Such special demurrer would seem to be good in view of the grave uncertainty as to ownership appearing on the face of the complaint. Even if the complaint had been good as against the general demurrer, the order sustaining the demurrer generally as it does would have to be affirmed. (*Haddad* v. *McDowell,* 213 Cal. 690 [3 Pac. (2d) 550].)

The conclusion we have reached makes it unnecessary to consider the other contentions raised.

Judgment affirmed.

Works, P. J., and Stephens, J., concurred.